## UNITED STATES v. GENERAL ELECTRIC CO.

**No. 5655.**—Invoice dated Shawinigan Falls, Que., Canada, December 28, 1938. Entered at Malone, N. Y., January 4, 1939. Entry No. B–497.

(Decided June 5, 1942)

*Paul P. Rao*, Assistant Attorney General (*William J. Vitale*, special attorney), for the plaintiff, against the motion.
*Strauss & Hedges* (*Hadley S. King* of counsel) for the defendant, for the motion.

### ORDER

OLIVER, Presiding Judge: When this appeal to reappraisement was called for trial at Rouses Point, N. Y., on July 14, 1941, counsel appeared specially for the defendant and moved for the dismissal of this appeal on the ground that no notice of the appeal had been sent to the importer by the collector of customs, as required by article 863 (*b*) of the Customs Regulations of 1937, which reads:

When the collector appeals to reappraisement he shall use customs Form 4325 and at once forward a copy of the appeal to the consignee, his agent or attorney. Such appeal should specify the particular items in the invoice affected if it does not apply to all items of merchandise in the invoice.

In support of the motion to dismiss, counsel for the defendant called as a witness Eldred Francis Bombard, who testified that he is in charge of the branch office of F. W. Myers & Co., Inc., at Malone, N. Y., and that his firm had never received a notice that the collector had filed an appeal to reappraisement in this case, and that no copy of such appeal was ever received by his firm.

The official papers in this case show that F. W. Myers & Co., Inc., was in receipt of a "duplicate bill of lading for customs purposes only," duly endorsed by the carrier in the following manner:

The undersigned carrier, bringing the within described merchandise to this port, hereby certifies that this signed copy of the bill of lading is genuine and is issued to F. W. Myers & Co. Inc. Malone, N. Y. for the purpose of making Customs Entry as provided in Section 484 (I) of the Tariff Act of 1930. In accordance with section 484 (J) of the Tariff Act of 1930, authority is hereby given to release the above described merchandise to the New York Central Railroad Company.

THE NEW YORK CENTRAL RAILROAD CO.

J. S. DAVIS, *Freight Agent.*

per (illegible)

The undersigned carrier and connections bringing the within described merchandise to this port, hereby certifies that this signed copy of bill of lading is genuine and is issued to F. W. Myers & Co. of Malone, N. Y. for the purpose of making Customs entry as provided in Section 484 (i) of the Tariff Act of 1930.

F. W. Myers Co., Inc., accordingly, made entry in its own name and swore to a "Declaration of Nominal Consignee" naming the General Electric Co. of Schenectady, N. Y., as the ultimate consignee. Sections 484 (i) and 483 of the Tariff Act of 1930, are as follows:

SEC. 484. ENTRY OF MERCHANDISE.

\*    \*    \*    \*    \*    \*    \*

(i) Entry on Duplicate Bill of Lading.—Any person may, upon the production of a duplicate bill of lading signed or certified to be genuine by the carrier bringing the merchandise to the port at which entry is to be made, make entry for the merchandise in respect of which such bill of lading is issued, in the manner and subject to the requirements prescribed in this section (or in regulations promulgated hereunder) in the case of a consignee within the meaning of paragraph (1) of section 483, except that such person shall make such entry in his own name.

\*    \*    \*    \*    \*    \*    \*

SEC. 483. CONSIGNEE AS OWNER OF MERCHANDISE.

For the purposes of this title—

(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof. The underwriters of abandoned merchandise and the salvors of merchandise saved from a wreck at sea or on or along a coast of the United States may be regarded as the consignees.

(2) A person making entry of merchandise under the provisions of subdivision (h) or (i) of section 484 (relating to entry on carrier's certificate and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof.

From the foregoing provisions of the Tariff Act and the regulations thereunder it seems obvious that F. W. Myers & Co., Inc., of Malone, N. Y., was the consignee of the instant merchandise for customs purposes, and is the party to whom the collector, following article 863 (b), *supra*, should have "at once forwarded a copy of the appeal."

Article 863 (b), *supra*, in my opinion is a reasonable regulation and therefore has the force and effect of law.

The only proof contained in this record is that F. W. Myers & Co., Inc., of Malone, N. Y., the consignee herein, did not receive any notice of the instant appeal. This evidence is not sufficient to establish that a proper notice was not sent, there being a presumption that Government officials perform their official duties.

The motion is therefore denied for lack of proof and the case is restored to the next Malone, N. Y., docket for all purposes.