(Reap. Dec. 9150)

INLANDER-STEINDLER PAPER CO. *v.* UNITED STATES

Entry No. 3569.

(Decided May 14, 1958)

*Henry P. Dart, III*, for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*William J. Vitale* and *Daniel I. Auster*, trial attorneys), for the defendant.

FORD, Judge: This appeal is presently before me on a motion of defendant to dismiss the same upon the ground that it was not filed within the time provided for in section 501 of the Tariff Act of 1930, as amended. In support of said motion, counsel for the defendant, in its memorandum filed herein, states as follows:

The papers referred to, *infra*, are part of the official Court file in the case at bar.

Customs Form 6417, "Summary of Examination and Appraisement", discloses that appraisement was made on September 28, 1954.

Customs Form 4301, "Notice of (appraisement) * * * ", discloses that it is dated October 12, 1954, and was mailed to Geo. Wm. Rueff, Inc., New Orleans, La., the importer of record on the same date.

Customs Form 4305, "Consignee's appeal for reappraisement," is dated February 11, 1955, and bears the rubber stamp of the Collector of Customs, New Orleans, La., showing receipt thereof on March 18, 1955.

The lapse of time between the date of mailing of the notice of appraisement, October 12, 1954, and the date of filing of the said appeal with the Collector of Customs, New Orleans, La., on March 18, 1955 is 177 days.

It therefore appears on the face of the papers in the official Court file that the appeal herein is not filed within the 30 days provided for by Section 501, *supra*.

The said appeal for reappraisement should, therefore, be dismissed as untimely filed. * * *

The motion to dismiss should be granted and judgment should be entered accordingly.

Subsequent to the filing of the above motion, the following order was made by Chief Judge Webster J. Oliver:

ORDERED, ADJUDGED, and DECREED that the above titled appeal for reappraisement be placed upon the calendar at New Orleans, set for April 10, 1956, for the respective parties to introduce evidence pertinent to the said motion for dismissal.

When this appeal was called for hearing in New Orleans on March 15, 1957, customs Form 4301, being the so-called notice of appraisement, was admitted in evidence as exhibit A; also customs Form 4305, the same being the appeal filed by the plaintiff herein, was admitted in evidence as exhibit B; and a letter, addressed to Mr. Tom Blouin, dated April 20, 1954, signed DART, GUIDRY, PRICE & READ, by Henry P. Dart, III, was admitted in evidence as exhibit 1. In addition, Michel T. Blouin and Henry P. Dart, III, gave oral testimony regarding the entry and appraisement of this merchandise and the filing of the appeal.

In view of the conclusion I have reached upon a full consideration of the entire record, it is not believed necessary to a proper disposition of the question here presented to detail any part of the record, other than the copy of customs Form 4301, exhibit A, being the so-called notice of appraisement. This document is as follows:

Customs Form 4301
TREASURY DEPARTMENT
8.26, 17.6, 17.8
C. R. 1943
July 1950

NOTICE OF APPRAISEMENT OR REAPPRAISEMENT 5-Liq

BUREAU OF CUSTOMS

District No. 20 Port of NEW ORLEANS.
, Collector's office, Oct. 12 1954.

Geo. Wm. Rueff, Inc.

NOLA

Sir:

The merchandise entered by you under Cons No. 3569 dated Feb 5, 1951, per
(C. E., free, or W. H.)
S. S. Uxmal has been (appraised) in accordance with the law. This notice is
given for the reason checked below:

√The (appraised) value exceeds the entered value.

A change in the classification of the merchandise has resulted from the appraiser's determination of value.

The merchandise was entered with additions to meet advances made by the appraiser upon previous importations then pending on appeal for reappraisement or re-reappraisement. (Sec. 503, Tariff Act of 1930).

Any appeal from this appraisement must be made within 30 days from the date of this notice, and any application for review of the decision on reappraisement must be made within 30 days from_____, 19___, which is the date of the filing of the decision with the collector. (Sec. 501, Tariff Act of 1930, as amended.)

Respectfully,

_____
Deputy Collector

The pertinent part of section 501 of the Tariff Act of 1930, as amended (U. S. C., title 19, sec. 1501), and further amended by the Customs Simplification Act of 1953, reads as follows:

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

In *Ti Hang Lung & Co.* v. *United States*, 3 Cust. Ct. 268, C. D. 248, this court held an appraisement was not complete until a notice of the appraisement had been mailed to the importer, using the following language:

In the case of *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T. D. 42561, and in the case of *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491, the appellate court held that where the appraiser has advanced the value of merchandise, appraisement is not complete until a notice of the appraisement has been mailed to the importer. In the latter case the court said:

It is true that the actual decision of the appraiser was made when he filed his report with the collector. It was an appraisement in fact, but the

statute requires something more than the actual appraisal of the merchandise and the filing of a report thereof with the collector. Notice in writing thereof must be delivered to or mailed to the consignee, or his agent, before such appraisement becomes a legal appraisement.

It seems clear that the importer could not be required to file a petition for remission of additional duties until it had been legally determined that the Government was entitled to the same.

Until the statute is complied with there is nothing upon which to predicate an assessment of additional duties, no decision from which the importer need appeal, and consequently he is in need of no relief for which to petition the Board of General Appraisers.

Since the collector never sent the importers a notice of the advance in value of the merchandise in this case, the appraisement is not yet complete. Accordingly, we hold that the liquidation is premature and void because the collector cannot legally liquidate an entry until 60 days after final appraisement, citing *United States* v. *Boston Paper Board Co.*, 23 C. C. P. A. [Customs] 372, T. D. 48233. The liquidation is set aside so that the appraisement may be completed. Judgment will be entered in favor of the plaintiffs to this extent. All other claims are overruled.

The above authorities make it clear that until the collector has sent the notice of advance in value, as required by section 501, *supra*, the appraisement is not complete and, consequently, is not a legal appraisement.

I turn now to the question of whether customs Form 4301, exhibit A, is a compliance with said section 501 with regard to the notice of the advance in value of the merchandise which is mandatory that the collector give. It is my view that said purported notice is fatally defective, in that it does not bear the signature of anyone. It is true that said form is prepared for the signature of the "Deputy Collector," but it is equally true that no signature appears in the space provided therefor.

In the case of *United States* v. *General Aniline Works (Inc.)*, 58 Treas. Dec. 751, T. D. 44421, in holding that an appeal to reappraisement was not valid when unsigned, this court said:

When the above-entitled case was called for trial a motion was made to dismiss the appeal of the United States to reappraisement upon the ground that the appeal had not been signed by the collector. The appeal had simply been signed T. M. T. The parties agreed in open court that T. M. T. were the initials of the deputy collector of customs.

The pertinent portion of the section of the 1922 tariff act in respect to appeals to reappraisement reads as follows:

SEC. 501. REAPPRAISEMENT.—The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the date of the appraiser's report * * *.

Section 514 of the Tariff Act of 1922, relating to protests, requires that the protest be in writing. That section was passed upon by the Court of Customs Appeals in *Allison* v. *United States* (11 Ct. Cust. Appls. 297), wherein it was held that an unsigned protest was invalid.

An appeal to reappraisement must be signed by the party making it. The question at issue in this case is whether the initials "T. M. T." constitute the signature of the collector.

In *Origet* v. *United States*, 125 U. S. 243, 8 Sup. Ct. 846, 31 Lawyers Ed. 743, it was held that the initials of the name of a district judge written beneath an order of appeal can not be regarded as his official "signature" or as sufficient evidence of the granting of such order. In that case Mr. Justice Blatchford said:

> ·The counsel for the claimant seeks to raise objections to the admission of certain evidence at the trial and to the exclusion of certain other evidence, upon what appears in a paper found in the record and headed "Bill of Exceptions." The trial took place on the 8th of June, 1883. At the foot of the paper referred to appears the following: "Allowed and ordered on file November 22, '83 A. B." This can not be regarded as a paper [proper] signature by the judge to a bill of exceptions, nor can the paper be regarded for the purposes of a review as bill of exceptions.

This decision was brought about by the construction of section 953 of the Revised Statutes, which enacted that "A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the motion was tried, or by the presiding judge thereof, if more than one judge sat on the trial of the cause, without any seal of court or judge being annexed thereto." The Supreme Court held that this merely dispensed with the seal, but that the necessity for the signature still remained. The court further said:

> We can not regard the initials "A. B." as the signature of the judge, or as a sufficient authentication of the bill of exceptions, or as sufficient evidence of its allowance by the Judge or the Court.

> \* \* \* \* \* \* \*

The signing of the initials "T. M. T." does not constitute a valid signature to the appeal. Consequently the motion to dismiss is granted.

It is the notice of advance in value of imported merchandise, sent by the collector, in compliance with section 501, which validates and legalizes the appraisement. Until such notice is sent by the collector, the appraisement is incomplete and, consequently, there is no final appraised value for the merchandise upon which the collector can base a liquidation. The so-called notice in this case is nothing more than a sheet of paper with certain figures and words thereon, with nothing to indicate that it was sent by the collector, as required by said section 501. The fact that said form is prepared for the signature of a "Deputy Collector," with no name or signature thereon, suggests that it might not have been sent by either the collector or deputy collector.

For the reasons stated and following the authorities cited, I hold that the so-called notice of advance in value, exhibit A, is not a legal notice of advance in value, such as is required by said section 501, and that there has been no legal appraisement of the involved merchandise. The motion to dismiss the appeal is, therefore, denied, and the papers will be returned to the collector of customs at New

Orleans, La., in order that he may have the involved merchandise appraised in accordance with law. Judgment will be rendered accordingly.