(Reap. Dec. 9756)

INLANDER-STEINDLER PAPER CO. *v*. UNITED STATES

Entry No. 3569.

(Decided on rehearing [Reap. Dec. 9150] July 26, 1960)

*Henry P. Dart, III*, for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*William J. Vitale* and *Richard H. Welsh*, trial attorneys), for the defendant.

RAO, Judge: Counsel for the defendant herein has moved this court for an order dismissing plaintiff's appeal for reappraisement on the ground of untimeliness. The motion is one of long standing, having been previously submitted for decision, and twice set down for the introduction of oral testimony.

In the moving papers, it was alleged that the appeal is untimely for the reason that it was not filed within the statutory 30-day period provided in section 501 of Tariff Act of 1930 (19 U.S.C. § 1501), as amended by the Customs Simplification Act of 1953, which reads as follows:

§ 501. Notice of appraisement; reappraisement

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of per-

sonal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and accompanying papers by the collector to the United States Customs Court.

The facts in support of the motion, as alleged by counsel, purported to show that the subject entry was appraised on September 28, 1954; that notice of appraisement was mailed to Geo. Wm. Rueff, Inc., of New Orleans, La., the importer of record, on October 12, 1954; and that the appeal was filed with the collector of customs at New Orleans on March 18, 1955, or more than 30 days after the notice of appraisement was mailed.

In opposing the motion, counsel for plaintiff argued that the collector failed to comply with the provisions of said section 501 in that, despite a request in writing, dated April 20, 1954, that notice be sent to them as attorneys, no such notice was in fact sent. In this connection, the answer to the motion recited:

In the instant case the attorney did request in writing before appraisement that notice of appraisement "be sent to us as attorneys," but no notice was sent to the attorneys. Instead Customs Form 4301, Notice of Appraisement, was sent to Geo. Wm. Rueff, Inc., the customs broker for the plaintiff. The plaintiff had previously informed Rueff that the matter was in the hands of its attorney in New Orleans, and that no action on the part of Rueff would be required. Accordingly, when Rueff received notice of appraisement, he assumed that the attorney had been notified as requested and took no action. It was several months later before either the importer or the attorney knew anything about the appraisement having been made. To this day, no notice of appraisement has ever been sent to the attorney as requested.

A further argument, predicated upon the alleged untimeliness of the appraisement itself, advanced a theory which has been totally rejected by the Court of Customs and Patent Appeals in the case of *Dart Export Corp. et al.* v. *United States*, 43 C.C.P.A. (Customs) 64, C.A.D. 610, and, hence, will not be considered here.

By order of Chief Judge Webster J. Oliver, dated January 6, 1956, this matter was placed upon the calendar at New Orleans for the introduction of evidence pertinent to the issues raised by this motion.

At the hearing, there was received in evidence as defendant's exhibits A and B, respectively, a copy of the notice of appraisement, Customs form 4301, dated October 12, 1954, and addressed to Geo. Wm. Rueff, Inc., "Nola" (presumably New Orleans, La.), and plaintiff's appeal for reappraisement, dated February 11, 1955, and stamped filed, March 18, 1955. All other official papers in the action were also received in evidence, though not specifically so marked, and it appears that the instant entry was finally liquidated on January 25, 1955.

Counsel for plaintiff conceded for the record the mailing, but not the receipt by Geo. Wm. Rueff, Inc., of said notice of appraisement.

It was further established through the testimony of Michel T. Blouin, customs examiner at the port of New Orleans, that there was

mailed to him, on or about April 20, 1954, a letter requesting that notice of appraisement of the instant entry, *inter alia*, be sent to the firm of Dart, Guidry, Price & Read, as attorney for Inlander-Steindler Paper Co., the ultimate consignee of the subject merchandise. The body of this letter, which was received in evidence as plaintiff's exhibit 1, reads as follows:

During our conversation last week, you stated that the notice you have sent the above client is not a formal notice of appraisement, and that, in fact, you have not yet formally appraised the merchandise. You further stated that no notice will be sent to the importer when you do finally appraise the goods, and that the only notice that the importer will receive will be the notice and demand for additional duties which will be sent upon the liquidation of the entries.

Under Section 501 of the Tariff Act, we request that notice be sent to us as attorneys for the above client if your appraisement results in a higher amount of duty. This request is made as to all those entries indicated on the sheet annexed hereto and made part hereof.

Counsel for plaintiff personally testified that, after sending plaintiff's exhibit 1, he communicated with the broker, Geo. Wm. Rueff, Inc., and advised a Mr. Jacobs in that office that he was handling the matter and it would not be necessary for the broker to take any further steps in connection therewith.

In a decision rendered by Ford, J., on May 14, 1958 (40 Cust. Ct. 825, Reap. Dec. 9150), defendant's motion to dismiss was denied. It was therein held that a proper notice of appraisement, when required by the provisions of section 501, *supra*, was a *sine qua non* to a valid appraisement. The court defined a proper notice as one containing the signature of the collector or his duly authorized deputy, and found that since defendant's exhibit A did not show on its face that it had ever been signed, and the record was silent as to such fact, it was fatally defective. Accordingly, it was held that appraisement of the instant entry had not been completed, and the papers were ordered to be returned to the collector of customs at New Orleans to the end that a legal appraisement be made.

Defendant thereupon moved for a rehearing and an opportunity to show that defendant's exhibit A was a copy of the notice of appraisement, the original of which, duly and properly signed, had been mailed to the importer of record.

The motion was granted, and the case was restored for the purpose of obtaining proof that said exhibit was duly signed by the office of the collector of customs prior to mailing.

Upon the rehearing, defendant introduced the testimony of Miss Effie J. Landry, who, for the period from 1948 to 1958, was the liquidating clerk in the entry and liquidating division of the office of the collector of customs for the port of New Orleans. She testified that, during that time, she was in charge of issuing Customs form 4301. Her practice was to prepare, with appropriate notations, the

original and duplicate addressed to the importer of record. The original was placed on the desk of the deputy collector, or, in his absence, on the desk of the chief liquidator, for signature. After it was signed, it was returned to her for mailing. She checked the signature and the address of the importer, mailed the original, and indicated on the copy the date of mailing and the name of the addressee.

The witness recognized her handwriting on defendant's exhibit A, which she stated she had prepared and mailed in accordance with her usual routine. Although she had no independent recollection of this particular notice, and could not remember whether it had been signed by the deputy collector or the chief liquidator, she was certain that it had contained a signature before mailing, that it was properly addressed to Geo. Wm. Rueff, Inc., at its local address in New Orleans, and that it was mailed on October 12, 1954.

Alfred J. Badger, Jr., was called as a witness in behalf of plaintiff. He stated that he has been in the employ of Geo. Wm. Rueff, Inc., for about 31 years. In the early part of 1954, he became vice president of the company and succeeded to the presidency thereof in 1959. This witness testified that he generally saw all the mail received by his office and did not recall ever having seen the original notice of appraisement involved in this case. The document was not in the company's files, and there was no notation of its receipt or of its subsequent mailing to the real importer or other interested parties, although it was customary to record such information on the entry. He had no evidence whatsoever of having received this notice of appraisement, but could not say either that he did or did not.

It would appear that the evidence introduced upon the rehearing suffices to establish that the original of defendant's exhibit A contained a proper signature. Although the person whose duty it was to prepare and mail such notices had no independent recollection of this particular form, her testimony that it was her invariable practice to check for a signature before mailing stands unrefuted. Her actions are clothed with a presumption that she has properly performed her official duties, *United States* v. *General Electric Co.*, 8 Cust. Ct. 760, Reap. Dec. 5655, and it must, therefore, be assumed that she did not issue an unsigned notice. Accordingly, the apparent invalidity of defendant's exhibit A, upon which the decision and order of May 14, 1958, rested, has been negated, and the question arises whether the notice of appraisement is defective for any other reason deriving from the provisions of section 501, *supra*.

In instances where the statute requires a notice of appraisement, it is clear that appraisement is not complete until the notice is forwarded to the consignee, his agent, or his attorney, either by personal delivery or by mailing. *Ti Hang Lung & Co.* v. *United States*, 3

Cust. Ct. 268, C.D. 248; *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T.D. 42561; *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T.D. 40491. And since the statute expressly provides the time for appeal shall begin to run from the date of mailing, ordinarily where a notice of appeal for reappraisement is not filed within 30 days of such date, it is untimely and must be dismissed.

It is recognized, however, that to accept the date of mailing as absolute and controlling in all cases might well operate to cut off an importer's right to appeal, notwithstanding the fact that he may never actually have received the collector's notice. With all due respect to the efficiency of the United States postal system, occasions do arise when properly addressed mail is delayed or diverted from its appointed course. To preclude an importer, under such circumstances, from obtaining a review of the appraiser's finding of value would constitute a complete denial of justice and defeat the purposes of the statute. Where, therefore, it is established by competent proof that the party concerned has not, in fact, received a requisite notice of appraisement, the more equitable and just view dictates that the appraisement be declared invalid, so as to provide the importer with an opportunity to perfect an appeal. As stated in *Alfred Dunhill of London, Inc.* v. *United States*, 22 Cust. Ct. 209, C.D. 1178:

Upon this state of the record we think the ends of justice will best be served by a finding that the plaintiff failed to receive a notice of appraisement as contemplated by the statute and was therefore deprived of its right of appeal. While we do not mean to be understood as holding that the statute requires that the collector must ensure that the notice of appraisement reach the importer or his agent, the circumstances of this case raise a reasonable doubt as to whether the notice, through no fault or neglect on the part of the customs officials, ever reached the importer.

There does not seem to be a sufficient area of doubt in this case, however, to call for the application of the mitigating rule. Not only did counsel, in the first memorandum filed in opposition to the motion, assume receipt of the notice of appraisement by the broker, but the representative of the broker who testified herein was not able to state that he had not received it. Moreover, the actions of counsel in advising the broker that it need no longer be concerned with the matter, as other arrangements had been made, might well have induced the broker to be less meticulous about papers mailed to its office in connection with this entry than was its usual custom.

There is a strong presumption that letters entrusted to the mails, properly addressed and stamped, reach their destination in the ordinary course of time. *Boerner* v. *United States*, 30 F. Supp. 635, affirmed 117 F. 2d 387; *Rosenthal* v. *Walker*, 111 U.S. 185; *Dunlop* v. *United States*, 165 U.S. 486. This presumption has not been overcome by the evidence adduced in this case.

The question, therefore, arises whether plaintiff's exhibit 1, counsel's letter requesting that notice of appraisement be mailed to them, is a compliance with the provisions of section 501, *supra*. If it is, the collector's failure to notify them of the advance in value of the instant importation invalidates the appraisement. If it is not, the mailing of notice to the broker completed the appraisement, and started the time within which an appeal could have been taken.

It is clear from the evidence in this case that the written request for notice was addressed to an examiner in the office of the United States Appraiser at the port of New Orleans, and that counsel asked that such notice be sent to them in the event that "your appraisement results in a higher amount of duty."

While the statute does not expressly specify to whom the request for notice shall be sent, the obligation to comply with the demand rests with the collector. It is the collector who "shall give written notice of appraisement to the consignee, his agent, or his attorney," when requested to do so. Since he is the official designated by statute to perform the act, it is reasonable to assume that he is the only proper person to be notified that performance is desired.

The offices of collector of customs and appraiser of merchandise are both instrumentalities of the Government in the administration of the customs laws. Although they are related in function, they are, nevertheless, wholly independent in operation. They are separately staffed, and often separately housed. Consequently, and in view of the complexities of their individual manifold duties, it can not be said that notice to one constitutes notice to the other.

The request for notice of appraisement in the instant case was not addressed to the collector of customs. It does not even appear that he was ever apprised of it. He may not, therefore, be charged with a failure to perform a statutory function conditioned upon receipt of a paper of which he was wholly unaware.

Moreover, section 501, as amended, *supra*, is explicit in providing that where notice is requested, a "substantial reason" therefor shall be specified. Whatever may be the scope of the term "substantial reason," there is little occasion to define its limits here, for it does not appear that plaintiff's exhibit 1 sets forth any reason for requesting notice of appraisement. The section contemplates that notice shall be given, if the result of the appraisement will entail payment of higher duties, and a request predicated upon that fact alone falls short of the statutory requirements.

It may well be that an unfortunate chain of events has hamstrung plaintiff herein in its desire to seek a review of the appraiser's return of value of the merchandise at bar, but the court is, nonetheless, constrained to hold that the notice of appeal which it has filed is untimely.

452

By operation of law, the appraiser's determination of value became final and conclusive as to the importer on November 11, 1954, and the purported appeal, filed March 18, 1955, was without legal effect. Defendant's motion to dismiss is, therefore, granted.

Judgment will be entered accordingly.