**CLAYTON CHEMICAL & PACK-AGING CO.**

v.

**UNITED STATES.**

No. 8774, Reappraisement No. 260680–A.

United States Customs Court.

March 26, 1957.

Smith Thompson, Robert F. Hanley, Associate Counsel, Chicago, Ill., for plaintiff.

George Cochran Doub, Asst. Atty. Gen., Richard H. Welsh and Daniel I. Auster, Trial Attys., New York City, for defendant.

Before MOLLISON, Judge.

MOLLISON, Judge.

When this appeal for reappraisement was called for trial, counsel for the defendant moved that it be dismissed as untimely, pointing out that the copy of the notice of appraisement, customs Form 4301, transmitted with the official papers by the collector and received in evidence as defendant's exhibit A, bears a notation that the original of such notice was mailed on November 8, 1954, whereas the appeal for reappraisement was not received in the collector's office until March 7, 1955.

Section 501 of the Tariff Act of 1930, as amended, 19 U.S.C.A. § 1501, provides that—

"* * * The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a

reappraisement is * * * filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * * "

In the brief filed in its behalf, counsel for the plaintiff notes that the finality of the value returned by the appraiser is made by the statute to rest upon either personal delivery or mailing of notice. It appears to be conceded that no attempt was made to personally deliver the notice involved in the instant case. Plaintiff contends, and offered evidence to establish, that such notice was not received, and further contends that the burden was on the defendant to establish the fact of mailing of the notice.

In support of that burden, defendant offered the testimony of Kenneth A. Overmyer, a deputy collector and customs supervisor-liquidator at the port of Chicago.

Mr. Overmyer's testimony is to the effect that his initials appear on the copy of the notice of appraisement, received in evidence as defendant's exhibit A, and that he personally prepared the original notice of appraisement in connection with the entry here involved, signed it, inserted it into a franked envelope, and placed it in a box in the office to be picked up by a messenger, who was to attend to the actual mailing of the notice. The witness admitted that he had no independent recollection of the mailing of the notice involved in this case and, in fact, stated that, under office rules, he was not permitted to effect actual deposit in the mail and did not see what the messenger did with it. Neither the messenger nor a clerk who placed a stamp reading "Original Mailed ......" on the copy was called to testify, and there was no evidence offered as to either the actual event in this case or the custom and usage of the office with respect to the deposit in the United States mail of notices such as that here involved.

The foregoing testimony falls short of establishing those facts which would either directly prove the fact of mailing or raise the presumption or establish the inference that the involved notice was mailed. It is to be noted that the question is not whether the plaintiff ever received the notice; it is, rather whether it was mailed. The statute makes the completion, and hence, the validity, of the act of appraisement in cases such as this dependent upon the mailing of the notice or its personal delivery, and not upon its receipt.

The standard of proof required is well set forth in the following from United States ex rel. Helmecke v. Rice, Post Commander, etc., D.C., 281 F. 326, at page 331:

"In the light of these views, then, let us inquire what evidence there is that the jurisdictional requirement of mailing was complied with. In 21 R.C.L. 763, there is presented an excellent résumé of the authorities upon the question of the quantum and character of proof of mailing, and from this it appears that, while there is some conflict of authority in relation to commercial transactions, the ruling principle is that the fact of mailing, where that fact is an important one, must be proven, like any other fact, by direct or circumstantial evidence, and that, where there is no direct evidence of mailing, it is not sufficient proof of mailing to offer testimony merely that the general custom of an office was to mail all letters and notices.

"The better rule, and that which seems to be established by the weight of authority, is that in the absence of direct evidence there must be proof of an invariable custom or usage in an office of depositing mail in a certain receptacle, that the letter in question was deposited in such receptacle, *and in addition there must be testimony of the employee, whose duty it was to deposit the mail in the post office, that he either actually deposited that mail*

*in the post office, or that it was his invariable custom to deposit every letter left in the usual receptacle, and that he never failed in carrying out that custom. * * *"* [Italics added.]

■ Defendant has offered proof of the preparation of the notice and its deposit in the office receptacle from whence a messenger or clerk was to take it and deposit it in either a post box or other receptacle maintained by or under the jurisdiction of the United States Post Office, but it made no attempt to establish the proof outlined in the italicized matter above. Under such circumstances, defendant did not meet the burden of proof with respect to mailing of the notice involved.

■ In the absence of proof of mailing, I find and hold the appraisement to have been incomplete, Alfred Dunhill of London, Inc. v. United States, 22 Cust. Ct. 209, C.D. 1178, and, to that extent, invalid The Lace House v. United States, 5 Cir., 141 F. 869, and, consequently, not final and conclusive upon the importer.

Inasmuch as there was no valid appraisement, the Government's motion to dismiss the appeal for reappraisement on the ground that it was filed too late is without merit and is, therefore, denied. Had the instant matter arisen by protest, the provisions of section 2636(d) of title 28 United States Code, would apply, and the court could proceed to hear the case on the merits, no presumption of correctness then attaching to the appraised value.

However, the instant matter arose by way of appeal for reappraisement and motion to dismiss the same. In such case, the ordinary rule obtains, that, in the absence of valid appraisement, no appeal for reappraisement will lie.

Order will, therefore, issue (1) that the appraisement in the case of the merchandise covered by the entry here involved is invalid for want of compliance with section 501, as amended, supra; (2) that the papers be returned to the collector, in order that notice of appraisement be given the importer in accordance with the terms of that section; and (3) that, for those reasons, the instant appeal for reappraisement is dismissed.