### ORLEX DYES & CHEMICALS CORPORATION

v.

### UNITED STATES.

**C.D. 2036; Protest No. 282353–K.**

United States Customs Court,
Third Division.

Nov. 3, 1958.

 

Eugene R. Pickrell, Sharretts, Paley & Carter, New York City (Richard F. Weeks, Howard C. Carter, New York City, of counsel), for plaintiff.

George Cochran Doub, Asst. Atty. Gen. (William J. Vitale, Trial Atty., New York City), for defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges.

RICHARDSON, Judge.

This action arises by way of protest. The merchandise involved (sodium trichloracetate) was entered at the port of New Orleans, La., on February 12, 1954. It was apparently appraised on April 12, 1955. The covering entry was liquidated by the collector of customs on August 16, 1955.

The claim is made in the protest that the "appraisement of said merchandise and liquidation of customs entry pursuant thereto were illegal, null and void, since no notice on Customs Form 4301 was made to the importer of record, stating therein that the appraised value exceeds the entered value."

19 U.S.C.A. § 1501 (§ 501, Tariff Act of 1930), as amended, requires that notice be given. It provides in pertinent part that:

"(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, * *. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is * * * filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *"

The statute requires that the notice must either be personally delivered or mailed to one of the persons designated thereon. Counsel for the parties have

stipulated that a written notice was not *personally delivered*. The question in issue, then, is whether a written notice of appraisement was mailed to the consignee, its agent, or its attorney, as required by section 1501, supra.

Defendant contends that such notice was mailed to plaintiff's agent, and further contends that even if the court should not find that a notice of appraisement prepared on the form prescribed by the customs regulations (C. F. 4301) was mailed, the notice of increased and additional duties due on customs Form 5107, which plaintiff admittedly received, constituted sufficient notice in compliance with the statute.

Testimony was adduced by both parties, and briefs were submitted.

Plaintiff called as witnesses, Alfred J. Badger, Jr., vice president of the corporation of customhouse brokers who entered the merchandise for plaintiff, and D. W. Tuttle, secretary of the same corporation. These witnesses testified concerning the custom and usage of their office with respect to the handling of incoming appraisement notices. The gist of their testimony was that there was an established and invariable practice which was in effect and which was followed at the time of the alleged mailing of the notice by defendant. This established procedure would have required the witnesses in the course of their regular duties to have handled the notice to the exclusion of all other persons in the office. Each testified that, to the best of his knowledge and belief, the notice had not been received, and further testified that an examination of the file did not disclose either the original or a photostatic copy, which would have been made, if the notice had come into the office.

■■ The failure to receive a notice through the mail raises a presumption that it was not mailed (Employers' Liability Assurance Corporation v. Maes, 10 Cir., 235 F.2d 918), and we think that the evidence of nonreceipt offered on behalf of plaintiff was sufficient to raise such a presumption. This cast the burden of going forward and proving the fact of mailing on the defendant. Where nonreceipt is established, defendant has this burden. Clayton Chemical & Packaging Co. v. United States, 38 Cust.Ct. 617, Reap.Dec. 8774.

■ In an effort to prove that the notice had been mailed to plaintiff as claimed, defendant offered the testimony of Effie J. Landry, an employee in the liquidating division of the customs service in New Orleans. She testified, in effect, that she personally prepared a notice of appraisement in the case of the involved entry, folded the original, placed it in a regular Government envelope, on which she had placed plaintiff's address, and deposited it in a mail basket on her desk, from whence it was removed for mailing by a person in the office, presumably a messenger. On cross-examination, the witness Landry admitted that she did not know whether or not the notice had actually been mailed. The proof of mailing went no further than this. No one upon whom rested the duty of actually mailing the notices of appraisement was called upon to testify as to the custom and usage with regard thereto and compliance with the custom, so that the record is devoid of any evidence in that respect.

■ According to the better and what appears to be the majority rule, this evidence is not sufficient to prove directly or inferentially the fact that the notice of appraisement was mailed. In the case of Clayton Chemical & Packaging Co. v. United States, supra, which is practically on all fours with the instant case in our opinion, the defendant, in an effort to prove that a reappraisement notice had been mailed where nonreceipt was claimed, also offered testimony to the effect that the notice had been prepared and deposited in an office receptacle, from which a clerk or messenger was to remove it and place it in a mailbox or otherwise deliver it into the custody of the United States postal service. No evidence was offered as to the actual mailing of the particular notice, or the custom and usage of the office with respect to the deposit in the United States mail of

outgoing notices. The court held that the testimony was insufficient to directly prove the fact of mailing or to establish an inference or raise a presumption to that effect. It quoted with approval the following rule from United States ex rel. Helmecke v. Rice, D.C., 281 F. 326:

"In the light of these views, then, let us inquire what evidence there is that the jurisdictional requirement of mailing was complied with. In 21 R.C.L. 763, there is presented an excellent résumé of the authorities upon the question of the quantum and character of proof of mailing, and from this it appears that, while there is some conflict of authority in relation to commercial transactions, the ruling principle is that the fact of mailing, where that fact is an important one, must be proven, like any other fact, by direct or circumstantial evidence, and that, where there is no direct evidence of mailing, it is not sufficient proof of mailing to offer testimony merely that the general custom of an office was to mail all letters and notices.

"The better rule, and that which seems to be established by the weight of authority, is that in the absence of direct evidence there must be proof of an invariable custom or usage in an office of depositing mail in a certain receptacle, and that the letter in question was deposited in such receptacle, and in addition there must be testimony of the employee, whose duty it was to deposit the mail in the post office, that he either actually deposited that mail in the post office, or that it was his invariable custom to deposit every letter left in the usual receptacle, and that he never failed in carrying out that custom."

This rule has also been followed by many of the courts of last resort in the various states. In 25 A.L.R. 9, the question of the "character and sufficiency of evidence to show that letter was mailed" is rather exhaustively annotated. In the annotation, at page 13, this statement appears:

" * * * In many if not the majority of cases, it is held that proof of a usage in the sender's office whereby letters deposited in a particular place are taken by an employee and mailed by him is not sufficient, standing alone, to establish the fact that a letter so deposited was mailed. In order that such evidence may be considered sufficient it must be accompanied with proof showing a compliance with the custom, as, for instance, the evidence of the employee whose duty it was to take letters so deposited, and mail them, that he actually did so."

Cases from the appellate courts of California, Maryland, Missouri, New York, Pennsylvania, Wisconsin, and England are cited in support of that statement.

It is obvious that the proof offered by the defendant does not go far enough to measure up to the standard imposed by the above-stated rules. Defendant, therefore, has not sustained its burden of proving that the notice was mailed.

In the event there is some feeling that the rule as so construed is too strict and onerous, and places a greater burden upon the one insisting that the communication had been mailed than should be required of him, it must be remembered that important rights are often made to depend in some manner upon notification by mail. Here, the right of appeal to reappraisement is influenced by the date of mailing, since the statutory time for appeal is to be reckoned from that date. Section 1501, supra. For that reason, the proof that the event necessary to start the running of the statute has occurred should be clear and convincing.

■ Defendant asserts and we agree that it is possible for a notice of appraisement to constitute sufficient compliance with the statute, even though it is not prepared on the particular form prescribed by the customs regulations. But we cannot agree that a notice of in-

creased and additional duties due, prepared on customs Form 5107, required by the regulations to be sent after *liquidation* of an entry, could constitute a notice of appraisement within the meaning of section 1501, supra; nor is C. S. Emery & Co. v. United States, 11 Cust. Ct. 8, C.D. 782, authority for such a proposition, as defendant contends. In that case, the plaintiff received what *purported* to be and what the court found *was* a notice of appraisement giving the entry number, date of entry, date of appraiser's return, the amount of increased *estimated* duties and containing a statement that there was an addition by the appraiser to make market value. The contention was made that the notice was not on the proper form, since the form used was not the one called for by the regulations. The court held that the notice was sufficient compliance with the statute, since it prescribed no particular form of words to be used in giving notice.

The record contains several exceptions saved by the defendant to rulings of the court on the admissibility of certain evidence. In our opinion, the evidence objected to was properly received for the purposes for which it was offered.

Since the record and the evidence fail to establish the fact of mailing of the notice of appraisement in this case, we find that the appraisement of the merchandise covered by the involved entry was incomplete and, to that extent, invalid and not binding and conclusive on the plaintiff. It necessarily follows that the liquidation, which was based on an invalid appraisement, is also invalid. D. C. Andrews & Company, Inc. v. United States, 38 Cust.Ct. 227, C.D. 1867, and cases cited.

If upon the hearing of a protest, the court finds an appraisement to be invalid or void, it is required, under the provisions of 28 U.S.C. § 2636(d), to remand the matter to a single judge for the determination of the proper dutiable value of the merchandise. In accordance with these provisions, judgment will issue dismissing the protest and remanding the matter to a single judge of this court for the determination of value in the manner provided by law. United States v. James H. Rhodes & Co., 40 C.C. P.A., Customs, 1 C.A.D. 488, and D. C. Andrews & Company, Inc. v. United States, supra.