(C.D. 2271)

COMPASS INSTRUMENT & OPTICAL CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 27, 1961)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General (*Murray Sklaroff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: This action involves certain binoculars and leather cases, imported from Japan and entered at the port of New York. The binoculars and cases were appraised on May 20, 1955, at a value higher than the entered value. No appeal for reappraisement of the merchandise was filed within the 30-day statutory period, and, on April 25, 1956, the collector liquidated the covering entry on the basis of the appraised value.

The question here presented is whether the appraisement of the merchandise is incomplete and the liquidation based thereon is invalid because of the alleged failure of the collector to comply with the notice requirements of 19 U.S.C.A., section 1501(a) (§ 501(a), Tariff Act of 1930), as amended, which reads as follows:

§ 1501. Notice of appraisement; reappraisement

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and accompanying papers by the collector to the United States Customs Court.

It is not disputed that, under the circumstances of this case, the collector was required to give notice of appraisement to the consignee, his agent, or his attorney either through the mail or by personal delivery. There is in evidence as part of the official papers transmitted to the court by the collector, what purports to be a carbon copy of a notice of appraisement of the instant merchandise, dated May 27, 1955, bearing the name of Abraham J. Knoring and the name

and address of the plaintiff, Compass Instrument & Optical Co., Inc. Stamped thereon is the notation, "Original mailed to importer." However, plaintiff claims that neither the original nor a copy of this notice was received by any of the parties designated in the foregoing statute.

In support of its claim, plaintiff offered the testimony of Abraham J. Knoring, its import manager, and an experienced, licensed customhouse broker. According to the testimony of this witness, at the material times involved, he was in charge of the plaintiff's import records and personally received and handled all correspondence relating to imported merchandise, including notices of appraisement sent by the collector to the office of the plaintiff. As customs broker, he maintained a box in the customhouse to which copies of such notices were customarily delivered by a customs employee. It was the established procedure for the witness to forward one copy of the appraisement notices thus received to the attorney for the plaintiff and to retain the other in the company files. He categorically stated that neither he nor anyone connected with the plaintiff company received a notice of appraisement in connection with the involved entry.

In an attempt to prove that notice of appraisement was given in compliance with section 1501, *supra*, the defendant introduced the testimony of one witness, Marian E. Collard, who was employed as a customs liquidating clerk in the office of the collector of customs. It appears that, at the time here pertinent, she was in charge of the reappraisement section, and, as part of her duties, supervised the preparation and sending out of notices of appraisement. In substance, she testified that it was the established procedure in her office with respect to notices of appraisement for typists to prepare four copies of each notice issued. The original notice was mailed to the importer of record. In instances where the broker was the importer of record, a copy of the notice of appraisement would be mailed to the importer in fact. If the importer in fact was the importer of record, the broker's copy would be placed in his box in the customhouse. The two remaining copies were attached to the invoice for the collector's records. The witness personally did not mail a notice of appraisement of the instant merchandise to the plaintiff company, and she was unable to say who did so, since the duty of mailing notices was not assigned to any specific employee, but, as she stated, "whoever was free would collect all the mail and take it down personally, right down to the Post Office." The witness supervised the preparation and mailing of 275 to 300 notices of appraisement daily, and, at one time, made and kept a record of the actual mailing of each notice. However, this practice was discontinued on the recommendation of the Simplification Committee of the Bureau of Customs

and was not in effect at the time here involved. On occasion, the witness personally placed copies of notices of appraisement in brokers' boxes in the customhouse, but she had no independent recollection of having delivered such a copy relating to the merchandise in issue to the box of Abraham J. Knoring, nor was she able to say that any of the employees under her supervision had done so. As in the case of mailing, this duty was not performed by a particular employee.

Under the circumstances of this case, we are of the opinion that the foregoing evidence is insufficient to prove that a notice of appraisement was mailed to the plaintiff or personally delivered to any one of the parties specified in section 1501, *supra*.

In the cases of *Orlex Dyes & Chemicals Corporation* v. *United States*, 41 Cust. Ct. 168, C.D. 2036, and *Clayton Chemical & Packaging Co.* v. *United States*, 38 Cust. Ct. 617, Reap. Dec. 8774, this court had occasion to consider the quantum and character of proof necessary to establish the fact of mailing of notices of appraisement where nonreceipt of such notices had been alleged and established. In each of the cited cases, there was direct evidence that the notice had been prepared, placed in a properly addressed, and franked envelope, and deposited in an office receptacle, from whence it was to be removed for mailing by a clerk or messenger. However, no one testified concerning either the actual event of mailing or the office custom and usage with respect thereto. In finding this evidence insufficient for the purpose offered, that is, to prove the mailing of the notices involved, the court cited and followed the rule stated in the case of *United States ex rel. Helmecke* v. *Rice, Post Commander, etc.*, 281 F. 326, as follows:

In the light of these views, then, let us inquire what evidence there is that the jurisdictional requirement of mailing was complied with. In 21 R.C.L. 763, there is presented an excellent résumé of the authorities upon the question of the quantum and character of proof of mailing, and from this it appears that, while there is some conflict of authority in relation to commercial transactions, the ruling principle is that the fact of mailing, where that fact is an important one, must be proven, like any other fact, by direct or circumstantial evidence, and that, where there is no direct evidence of mailing, it is not sufficient proof of mailing to offer testimony merely that the general custom of an office was to mail all letters and notices.

The better rule, and that which seems to be established by the weight of authority, is that in the absence of direct evidence there must be proof of an invariable custom or usage in an office of depositing mail in a certain receptacle, that the letter in question was deposited in such receptacle, and in addition there must be testimony of the employee, whose duty it was to deposit the mail in the post office, that he either actually deposited that mail in the post office, or that it was his invariable custom to deposit every letter left in the usual receptacle, and that he never failed in carrying out that custom.

It is clear that the proof of mailing offered by the defendant does not rise to the character of that required by the rule set forth above. It is merely circumstantial, consisting only of the testimony of the witness to the effect that it was the office custom for outgoing mail to be collected and deposited in the Post Office by the employee in the office who happened to be free. As in the cases of *Orlex Dyes & Chemicals Corporation* v. *United States*, and *Clayton Chemical & Packaging Co.* v. *United States*, *supra*, the record contains no testimony of any employee, whose duty it was to deposit the notice of appraisement in the Post Office, that it was his invariable custom to deposit every notice left in the usual receptacle or other place, and that he never failed in carrying out that custom. Therefore, defendant has not sustained the burden of proof with regard to the mailing of the involved notice of appraisement.

Nor is there evidence in this case to establish that written notice of appraisement was delivered personally to the consignee, its agent, or its attorney. Certainly, that fact was not established by the testimony of the witness for defendant to the effect that it was the office practice for a copy of notice of appraisement to be placed in the box of the broker by a customs employee in instances where said broker was not the importer of record.

Since proof of mailing or delivery of the involved notice is lacking, we find that notice of appraisement was not given in compliance with section 1501, *supra*. We, therefore, hold that the appraisement of the instant merchandise and the liquidation based thereon are invalid, as claimed by the plaintiff.

Pursuant to the provisions of 28 U.S.C.A., section 2636(d), the matter is remanded to a single judge of the court in order that the proper dutiable value of the involved merchandise may be determined in the manner provided by law.

Judgment will be rendered accordingly.