(C. D. 2299)

E. Taranger, Inc. *v.* United States

United States Customs Court, Third Division

(Decided December 6, 1961)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *William H. Orrick, Jr.*, Assistant Attorney General (*Mollie Strum, Murray Sklaroff*, and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before Johnson, Donlon, and Richardson, Judges

Richardson, Judge: This action involves three protests filed by the plaintiff against the assessments of duties levied and collected by the collector of customs on three separate entries involving importations of aluminum tubing and wiring and similar merchandise which were made at the port of New York on December 17, 1951, January 23, 1952, and July 20, 1953. In view of the fact that identical claims were made by plaintiff in all three protests, the protests were consolidated for trial purposes.

The plaintiff claims that the duty assessments are illegal, null, and void because (1) a proper notice of appraisement had not been given to the proper party or parties and at the proper addresses and (2) that the liquidations had not been made and published in the manner required by law.

Issue was joined and the trial proceeded upon the basis of the first claim advanced by plaintiff in its protests, there being no evidence proffered by plaintiff in support of its second claim.

In support of its claim that no proper notice of appraisement was given, plaintiff called its president as its sole witness to give testimony and submit documentary evidence. The defendant did not call any witnesses, but submitted its case on the basis of the testimony elicited from plaintiff's witness on direct and cross-examination.

Viewing the evidence adduced, the following facts evolve:

During the period between 1951 and April 30, 1955, plaintiff was engaged in business in New York City as an importer and wholesaler of aluminum mill products, with offices at 441 Lexington Avenue, New York City. It was during this period that the importations involved in this case were made at the port of New York. On April 30, 1955, plaintiff moved its business operations from New York City; and, from May 1, 1955, to the time of trial, plaintiff had been engaged in the same business in Fort Lauderdale, Fla., with offices at 1611 Southwest First Avenue, Fort Lauderdale, Fla. Shortly before plaintiff moved its business to Florida, plaintiff sent out a form letter to all of its clients and parties with whom it had contact, including Government offices and post offices, advising them of the change of address.

During the time that the importations in question were made, plaintiff was represented at the port of New York by Freedman & Slater, Inc., its customs broker who handled these particular entries as plaintiff's agent. On the consumption entries (customs Form 7501) involved in the case at bar, plaintiff's New York address as well as the broker's name and address were listed. It does not appear that plaintiff made any specific reference to these particular entries in its change of address notice which it sent to the collector of customs at New York; and plaintiff did make entries at the port of New York after April 30, 1955, through its customs broker, who listed plaintiff as the importer of record with its Florida address on such entries.

From an examination of the official papers, it appears that notice of appraisement concerning these entries was issued to "Freedman & Slater, Inc. E. Taranger Inc. 441 Lexington Ave. NYC" and mailed on September 20, 1957. It also appears from the official papers that no appeals to reappraisement were ever filed with respect to these entries and that these entries were liquidated on December 27, 1957, January 6, 1958, and January 15, 1958, respectively.

Plaintiff never received notice of appraisement from the collector with respect to these entries. Plaintiff first found out about the advance in values on these entries from its customs broker some time in January 1958, when the broker wrote to plaintiff in Florida, advising plaintiff about the liquidations and forwarding the collector's

notices of additional duties and bills therefor, for plaintiff's action thereon. However, in a later communication which plaintiff's president had with the customs broker, the broker informed him (the witness) that it (the broker) had received notice of appraisement and that he (the witness) should have received it. (R. 34.) Plaintiff's president also stated that he understood that it was the custom that notice of appraisement goes to the broker and that he relied on his customhouse broker in New York to take care of matters in connection with these entries. He felt that the broker was negligent in not advising him of the increase. (R. 34–35.) He stated that if he had received such notice, he would have filed appeals to reappraisement with respect to these entries. (At the time of trial, plaintiff had pending in the Customs Court a number of appeals for reappraisement affecting similar entries.)

We are asked by plaintiff to dismiss these protests and remand these matters to a single judge to determine the values of the merchandise covered by the entries, on the ground that the evidence establishes the fact that plaintiff did not receive notice of appraisement, in spite of precautions which it took to insure receipt of such notice following plaintiff's removal from New York to Florida. On the other hand, the defendant contends that the protests should be overruled, by reason of the fact that plaintiff has failed to prove that neither it nor its agent received such notice of appraisement.

The requirements governing the preparation and giving of notice of appraisement are set forth in 19 U.S.C., section 1501 (§ 501, Tariff Act of 1930), as amended, and section 17.6 of the Customs Regulations. Insofar as is here material, 19 U.S.C., section 1501, states:

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, * * *. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is * * * filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

Section 17.6 of the Customs Regulations states:

The collector at the headquarters port, or the deputy collector in charge at any other port, shall promptly give notice of appraisement on customs Form 4301 when such notice is required by section 501, Tariff Act of 1930, as amended. The notice shall be prepared in duplicate and the retained copy, with the date of mailing or delivery noted thereon, shall be securely attached to the invoice. * * *

The question which is before the court, in the light of this statute and its implementing regulation, is whether notice of appraisement must be given to the consignee where such notice has been given to

the consignee's agent. In support of its contention herein, plaintiff relies upon and calls our attention to the holding of this court in *Orlex Dyes & Chemicals Corporation* v. *United States*, 41 Cust. Ct. 168, C.D. 2036. In that case, we held, among other things, upon the basis of the evidence, that the defendant had failed to prove the mailing of notice of appraisement in order to rebut the presumption that such notice had not been mailed to the plaintiff's agent. In that case, the plaintiff consignee proved, through the testimony of two officers of the customs broker firm that handled the particular entries in question as plaintiff's agent, that notice of appraisement had not been received by the agent. In the instant case, however, the plaintiff consignee is not contending that its agent did not receive notice of appraisement, but rather, that plaintiff itself did not receive such notice. It would, therefore, appear that the question before this court in the case at bar was not before this court in the *Orlex Dyes & Chemicals Corporation* case.

We read the statute and regulation in question as requiring only one such notice of appraisement to be given by the collector and that that notice may be given either to the consignee, his agent, or his attorney. Indeed, we said as much in *Orlex Dyes & Chemicals Corporation* v. *United States, supra.* And our attention has not been called to any case which would influence us to adopt a different view. Consequently, as we see it, the question narrows down to a consideration of whether one such notice of appraisement was given in the instant case.

Of course, in any case, the burden of proof rests upon a plaintiff in the first instance to establish by competent proof that such a notice of appraisement was not given to either the consignee, his agent, or his attorney. The burden of going forward to prove the fact of mailing may, however, be shifted to a defendant, upon a showing by a plaintiff that such a notice was not received by any one of the designated parties to whom such notice must be given under the statute. *Employers' Liability Assurance Corporation* v. *Maes*, 235 F. 2d 918; *Clayton Chemical & Packaging Co.* v. *United States*, 38 Cust. Ct. 617, Reap. Dec. 8774, 150 F. Supp. 628; *Compass Instrument & Optical Co., Inc.* v. *United States*, 47 Cust. Ct. 10, C.D. 2271. We are of the opinion that the evidence adduced in the trial by the plaintiff in this case fell short of proving that none of the designated parties received such notice. On the contrary, the testimony elicited from plaintiff's sole witness on cross-examination clearly indicates that plaintiff's agent received such notice, although the agent neglected to apprise plaintiff about the matter. This, we think, constitutes sufficient compliance by the collector with the requirements of the statute, notwithstanding the efforts made by the plaintiff to secure such notice directly from the collector, following plaintiff's departure

from New York. *Inlander-Steindler Paper Co.* v. *United States*, 45 Cust. Ct. 446, Reap. Dec. 9756.

The view which we take of this case makes it unnecessary for us to consider what, if any, obligations the collector owed to the plaintiff consignee to keep a registry of consignees and importers, and to record therein plaintiff's change of address upon plaintiff's request, and to communicate with the plaintiff thereafter at such new address. While we are mindful of plaintiff's arguments that such obligations were owing to the plaintiff from the collector, suffice it to say that no authorities have been called to our attention, and research has not disclosed any such authorities, which would charge the collector with such responsibilities. Consequently, we do not now undertake to rule on such question at this time. We are satisfied upon the state of the present record that plaintiff has failed to offer proof sufficient to create a presumption that notice of appraisement was not given in accordance with the requirements of the applicable statute and regulation, and we so hold.

Judgment will, therefore, be rendered accordingly, in defendant's favor, overruling the protests.