(C.D. 3000)

GETZ BROS. & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 9, 1967)

*Glad & Tuttle* (*Edward N. Glad* and *George R. Tuttle, Jr.*, of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Sheila N. Ziff* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge:   Involved in this case are three entries relating to merchandise invoiced on the consumption entry as "lauan plywood." The imported merchandise was advanced in value upon appraisement and thereafter liquidated. No appeals for reappraisement were filed by plaintiff or its agent within the 30-day appeal period subsequent to appraisement.

It is plaintiff's claim that it never received the notice of appraisement in each of the three entries and that accordingly, the appraisements are improper and the liquidations based thereon null and void. The defendant, on the other hand, contends that the involved notices of appraisement were duly mailed.

The pertinent statutory provision, 19 U.S.C., section 1501(a) (section 501 of the Tariff Act of 1930) provides:

Section 1501. Notice of appraisement; reappraisement.

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court.

The evidence adduced at trial consists of the testimony of Miss Irene Hammaker, a clerk with J. T. Steeb & Co., customhouse brokers who entered the merchandise, and Mr. Leland J. Joseph, deputy collector of customs at the port of Longview, Washington, for the defendant. Received without being marked were the official papers accompanying each entry including copies of the allegedly delivered notice of appraisement.

Miss Hammaker testified that she has been with the import department of J. T. Steeb & Co. for 5 years prior to the time of trial and is quite familiar with the office routine. When a notice of appraisement is received it is the regular course of business for her office to take cognizance of the appraisement figures and to thereupon write a letter to Judson Sheldon, plaintiff's customs broker who forwarded the business to J. T. Steeb & Co., and to file a copy of said letter in a file system geared to each entry where it is permanently kept. The absence of such a letter in their files in connection with an entry would indicate to them that a notice of appraisement had not been received. The witness further testified that she was familiar with the entries at bar and had conducted a search at about 1 p.m. of the day of trial and had not found any letters with respect to the invoiced entries.

It was further stated that incoming mail goes directly to the president, and that all filing is done by Miss Hammaker except when she is on vacation or sick in which case it is done by whoever is around. However, Miss Hammaker is not the only person in the office who has access to and goes to the files, and on occasion, papers have been misplaced from the files.

Mr. Joseph, an entry officer and deputy collector at Longview, Washington, testified that during the summer of 1963 (the period in which the merchandise was appraised) as part of his duties he prepared and mailed notices of appraisement whether they were Customs Form 4301 or, as in the case of J. T. Steeb & Co., on a mimeographed copy of Customs Form 4301 provided by J. T. Steeb & Co. which in this case also included a request for a notice of appraisement. He described the manner in which the notices of appraisement were prepared as follows:

\* \* \* The original entry would be accompanied by four appeals for reappraisement [sic].[1] And when I processed the entry I would date-stamp the date of receipt, which would correspond to that of the entry itself. I would send the fourth copy back to the broker who filed it to show we had received it. The other three I would file with the jacket which contained the entry after it had been processed. Upon appraisement I would execute them, stamp my name on them, and the date. And the original and second copy I would forward to the broker or to the importer of record and the third I would attach to the back of the entry itself. [R. 12–13.]

The completed notices of appraisement were always mailed on the day they were prepared by Mr. Joseph, himself, who was always accompanied by a witness to observe the mailing.He further stated that during 1963, he would, when requested by the customs broker, send notices of appraisement wherever the broker directed.

The witness further testified that it wasn't possible for someone else to have taken the notices of appraisement from his desk before they were mailed in that he would work on the notices of appraisement until all were completed. It was the witness' belief that every notice of appraisement which had stamped thereon his name as well as the date of mailing was actually prepared and mailed by him.

Mr. Joseph identified defendant's collective exhibit A as time and attendance reports used at Longview and stated that they indicated the time he worked from July 7 through August 3, 1963. Said reports show that Joseph was on duty at all times during the four 5-day working weeks encompassed within the above mentioned dates except for 3 days of sick leave. However, he was not sick on any of the days corresponding to the dates stamped within this period on the notices of appraisement. What said dates indicate will be considered *infra*.

Plaintiff, in its brief, contends that it has established the non-receipt of the notices of appraisement thereby shifting the burden of going forward of establishing mailing upon the defendant. This plaintiff maintains the defendant has not done. In any event, plaintiff goes on, this case is akin to *Alfred Dunhill of London, Inc.* v. *United States*, 22 Cust. Ct. 209, C.D. 1178, wherein the court held on the basis of

[1] Refers to notices of appraisement.

record, lending "* * * almost equal support to inconsistent inferences," that in the interests of justice judgment would issue for the plaintiff.

The defendant argues that this case is controlled by *Arnold, Schwinn & Co.* v. *United States*, 45 Cust. Ct. 156, C.D. 2217, in that as in *Schwinn* plaintiff has shown some evidence of non-receipt, but not enough to rebut the overwhelming evidence of mailing. Furthermore as in *Schwinn* the laws of probability detract from a finding that all three notices of appraisement did not reach the plaintiff. Lastly, defendant maintains that under 19 U.S.C., section 1501, the giving of a notice of appraisement is perfected by mailing.

Based upon the judicial construction given to section 1501 in *Orlex Dyes & Chemicals Corporation* v. *United States*, 41 Cust. Ct. 168, C.D. 2036, and *Clayton Chemical & Packaging Co.* v. *United States*, 38 Cust. Ct. 617, Reap. Dec. 8774, as well as the language of the statute itself, there cannot be any doubt that the giving of a notice of appraisement may be perfected by mailing.

Ordinarily the plaintiff is initially charged with the burden of establishing through competent testimony its failure to receive a notice of appraisement even though the burden of proof rests on the defendant. This is because the defendant is clothed with a presumption of regularity which adheres to the official acts of government officials. Irregularity in the administration of those official acts deprives the defendant of such a presumption and imposed upon it in the first place the duty of establishing through probative evidence the effective delivery of a notice of appraisement. *Plywood & Door Southern Corp.* v. *United States*, 57 Cust. Ct. 309, C.D. 2800; *Astra Trading Corp.* v. *United States*, 52 Cust. Ct. 31, C.D. 2430.

Observed in the notices of appraisement at bar are certain administrative irregularities such as to deprive the defendant of the benefit of the presumption of regularity. Customs Regulations, section 17.6 (1st Rev. – Oct. 1965) reads:

The collector at the headquarters port, or the deputy collector in charge at any other port, shall promptly give notice of appraisement on customs Form 4301 when such notice is required by section 501, Tariff Act of 1930, as amended. The notice shall be prepared in duplicate and the retained copy, with the date of mailing or delivery noted thereon, shall be securely attached to the invoice.

Specifically required by this provision is a notation as to the date and manner of delivery. Lacking in the notices of appraisement at bar is a notation as to the manner of delivery. Additionally we cannot properly ascertain whether the dates noted on the bottom of each of these notices of appraisement, *supra*, are indicative of the date of mailing or of preparation, and thus adding further to their irregularity. Though the defendant's witness testified that he mailed notices of appraisement on the day they were prepared, the proper place for

such information insofar as the presumption of regularity and the regulations are concerned is on the retained copy of the notice of appraisement and not in the record. Testimony of this sort cannot be substituted for non-compliance with proper administrative practice. Furthermore, the language set forth in section 17.6 plainly and unequivocally requires the giving of notice of appraisement on forms supplied and prepared by the customs officials. There is nothing in the regulation which would authorize or sanction the practice indulged in in this case, namely, of having the importer or broker prepare the notices in quadruplicate and having the customs officials utilize these forms in discharging their official duties. Such departure from the clear mandate of the regulations deprives the official acts of the customs personnel, with respect to the giving of notice of appraisement in this case, of any claim of regularity. Hence, in view of the aforementioned irregularities in the record before the court, the defendant is put to its burden of proving that notice of appraisement was given. Thus, the issue before the court is whether or not the defendant has meet its burden of proof.

In *Astra Trading Corp.* v. *United States, supra*, we stated that evidence as to the "* * * actual preparation of notices of appraisement pertaining to the involved entries and the placing of the same in duly franked and properly addressed envelopes in a condition for mailing * * * is an essential prerequisite to proof of an established and invariable mailing procedure."

It is our feeling in line with the principles expressed above that the defendant has not meet its evidentiary burden. The defendant's evidence is too general both as to preparation and mailing of the notices of appraisement such as to reveal an invariable practice of preparation and mailing. For example, testimony is lacking as to the placing of completed notices of appraisement in a franked and properly addressed envelope. And, as previously indicated herein, the making of notations on the retained copies of the alleged notices of appraisement as required by customs regulations of the claimed mailings and the dates thereof is a requirement that was not complied with. Such deficiency does not lend credence to the proofs of mailing proffered by the defendant.

Therefore, on the record before us we are compelled to conclude that the defendant has failed to prove that notices of appraisement as required by law were given with respect to the involved entries, in consequence of which, the appraisements and liquidations covering such entries are null and void. Pursuant to 28 U.S.C.A., section 2636(d), this matter is remanded to a single judge of this court to determine the proper dutiable value of the involved merchandise in the manner provided by law.

Judgment will be entered accordingly.