**F.W. MYERS & CO., INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 80–5–00828.**

United States Court of International Trade.

Nov. 3, 1983.

Arter, Hadden & Hemmendinger, Washington, D.C. (David B. Hopkins, Washington, D.C., on brief); Davis, Graham & Stubbs, Washington, D.C. (Barry E. Cohen, Washington, D.C., on brief), for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C. (Joseph I. Liebman, Atty. in Charge, Commercial Lit. Branch and John J. Mahon, New York City, on brief), for defendant.

*Opinion And Order*

BOE, Judge:

Plaintiff seeks an order of this court determining that the summons commencing the above-entitled action was timely filed

with regard to protest no. 3801–9–000272.[1] The defendant by cross-motion moves to sever and dismiss the said protest because of plaintiff's failure to file the summons within 180 days from the date of mailing of notice of denial pursuant to 28 U.S.C. § 2636(a).

The following facts are undisputed:

(1) the plaintiff filed protest no. 3801–9–000272 on July 19, 1979,

(2) the United States Customs Service denied the protest on September 10, 1979,

(3) the plaintiff filed a summons contesting the denial of protest no. 3801–9–000272 and others on May 23, 1980,

(4) the period of time between September 10, 1979 (the denial date), and May 23, 1980 (the date of filing the summons) is 256 days.

The plaintiff, through the affidavit of one of its employees, alleges that it never received written notice of denial of the subject protest and that an examination of the master file of Customs by the affiant in May 1980 disclosed no evidence that the customs service had mailed the notice to the plaintiff.

In support of its cross-motion defendant, through the affidavit of an employee serving as a Customs Entry Aid, describes the "invariable" practice in preparing notices of protest denial and the deposit of same in the United States mail chute located in the employee's building.

A civil action contesting a denial of a protest is barred unless commenced within the time provided by statute. The mailing of a notice of denial is a prerequisite to the commencement of the time limitation period. 28 U.S.C. § 2636(a) provides:

(a) A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—

(1) within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act …

*See Knickerbocker Liquors Corp. v. United States,* 78 Cust.Ct. 192, 196, 432 F.Supp. 1347, 1351 (1977).

■ Implicit in the term "notice," as contained in the statute, is the requirement that the protestant shall be made aware of the denial of the protest by Customs. Congress has mandated mailing as the manner of giving such notice. When the fact of mailing is placed in issue the beginning of the 180 day time limitation period for the commencement of an action is correspondingly in issue.

■ Proof of mailing raises a presumption of delivery. *Miller v. United States,* 71 Cust.Ct. 57, 62, 364 F.Supp. 1390, 1394 (1973). *See United States v. International Importers, Inc.,* 55 CCPA 43 (1968). This presumption, however, may be rebutted. It is recognized that evidence of non-receipt may invoke a contrary presumption. "The failure to receive a notice through the mail raises a presumption that it was not mailed." *Orlex Dyes & Chemicals Corp. v. United States,* 41 Cust.Ct. 168, 170, 168 F.Supp. 220, 222 (1958).[2]

■ When non-receipt has been established or a presumption has been raised by plaintiff's evidence, the burden of proof to demonstrate the fact of mailing shifts to the defendant. *Orlex Dyes & Chemicals Corp.,* 41 Cust.Ct. at 170, 168 F.Supp. at 222. *See Clayton Chemical & Packaging Co. v. United States,* 38 Cust.Ct. 617, 619, 150 F.Supp. 628, 630 (1957).

---

**1.** This action is the subject of a proposed submission on an agreed statement of facts. No dispute exists as to the timeliness of the filing of the remaining eight protests involved in this action.

**2.** In *Orlex Dyes & Chemical Corp.,* the court held that a presumption of non-mailing was raised by plaintiff's witness who testified that "to the best of his knowledge and belief, the notice had not been received, and … that an examination of the file did not disclose either the original or a photostatic copy …"

In the instant action, both parties have submitted affidavits in support of their contentions. In paragraph 3 of the affidavit submitted by plaintiff, the affiant states, "We searched our files and were unable to locate any notice of Customs Service action on this protest [protest no. 3801–9–000272], and we believe that no notification was sent to us." As this court held in *Orlex Dyes & Chemical Corp.*, testimony of this character is sufficient to raise the presumption of non-receipt of the notice of denial. Accordingly, the burden shifts to the defendant to prove the fact of mailing.

In the affidavit submitted by defendant, the affiant details the procedures generally followed by him and/or the Customs Service at the Port of Detroit in processing protests. At paragraph 10, the affiant admits, "I have no present recollection of sending out this particular protest denial, protest no. 3801–9–000272." In paragraph 11, however, the affiant maintains that "I personally affixed the date on the original, two duplicates and master file record, and personally mailed the original to plaintiff on that date." These conflicting statements cast doubt upon the credibility as well as the reliability of the defendant's affidavit.

Defendant's affidavit at paragraph 17 further states that "the Master File shows that Detroit protest no. 3801–9–000272 was prepared in the usual manner and mailed to the protestant on *September 10, 1979*" (emphasis added). In plaintiff's affidavit, however, the affiant claims she examined the master file of the Customs Service in *May 1980* and found no evidence that the notice of denial of protest no. 3801–9–000272 was sent to the customs broker.

From the evidence presented the court concludes that the contradictory evidence presented by the defendant is insufficient to prove the fact of mailing. In the opinion of the court the plaintiff has satisfactorily rebutted any presumption of mailing which

may have been raised by the defendant's evidence. The burden of proof which was thereby shifted to the defendant has not been met.

The inference, urged by the defendant, that the plaintiff had knowledge of the denial of the subject protest because of plaintiff's mistaken listing of the disputed entries herein as a part of a protest in a former action is, indeed, unsupported. In its motion to amend the summons to delete the entries in question which had been mistakenly listed, the plaintiff advised the court in February of 1980:

> Counsel was erroneously informed by the customs broker for the importer concerning the entries included in this protest. These entries, counsel has now learned, are included in Protest No. 3801–9–000272, *which has not yet been acted upon by the Customs Service.*[3]

Contrary to the assertion of the defendant, the foregoing representation to the court corroborates plaintiff's claim that no notice of denial had been received by it.

In view of the facts which have been submitted to the court by way of affidavit in the instant proceedings, the court is satisfied that the summons was timely filed in the above action as it relates to protest no. 3801–9–000272.

Now therefore, it is hereby

ORDERED, ADJUDGED and DECREED that the motion of the plaintiff is granted, and it is further

ORDERED, ADJUDGED and DECREED that the summons was timely filed in the above-entitled action as it relates to protest no. 3801–9–000272, and it is further

ORDERED, ADJUDGED and DECREED that the defendant's motion to sever said protest from the above action and to dismiss the above action as it relates to protest no. 3801–9–000272 be and is hereby denied.

3. Exhibit B—Plaintiff's Reply Memorandum In Support Of Motion For Determination Of Timeliness Of Filing Of Summons (emphasis added).