## NIPPON DRY GOODS CO. v. UNITED STATES

No. 5940.—Invoice dated Yokohama, Japan, November 6, 1936.
Entered at San Francisco, Calif., December 4, 1936.
Entry No. 5570.

(Decided October 20, 1943)

Lawrence & Tuttle (George R. Tuttle of counsel) for the plaintiff.
Paul P. Rao, Assistant Attorney General (James F. Donnelly, special attorney), for the defendant.

WALKER, Judge: In this case both the plaintiff and defendant have moved for dismissal of the appeal for reappraisement involved, both on different grounds, however. Plaintiff's motion for dismissal is based upon the ground that the appeal is premature, it being contended that no notice of appraisement, as required by section 501 of the Tariff Act of 1930 had been delivered or mailed to the consignee, his agent, or his attorney, and the issuance of an order to that effect is requested. Defendant's motion for dismissal is based upon the ground that the appeal is untimely, it being contended that due notice of appeal was given and that the appeal was not filed within 30 days after the date of delivery or mailing of such notice, as required by said section 501, supra.

So far as pertinent, section 501 reads as follows:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed * * * by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * * .

According to the summary sheet attached to the papers it appears that appraisement was made on August 28, 1937. The copy of "Notice to Importer of Appraisement" on customs Form 4321 found with the papers bears date August 30, 1937. The appeal to reap-

praisement bears a stamp showing that it was received December 30, 1937.

From the testimony offered at the hearing it appears certain that at the time the notice on customs Form 4321 in this case was prepared it was not the practice of the collector's office to deliver the said notices, but it was the practice to mail them. William W. Collins, a liquidator at the San Francisco customhouse, testified, when called to the stand by the plaintiff, that, beginning about the first of July 1937, and continuing through that year, he was in charge of the issuance of notices of appraisement to importers or their agents. Mr. Collins stated that it had been his practice in August and September of 1937 to mail such notices immediately upon their issuance, and that although "it was not required in the regulations" he made a notation on the invoice that the importer or his agent had been notified.

Shown the papers in the case at bar, Mr. Collins stated that no such notation appeared on the invoice or on the summary sheet, although on cross-examination he admitted that "it could be mailed without the notation on the invoice."

On behalf of the plaintiff it is urged that Mr. Collins' testimony as to his practice, together with the absence of a notation on the invoice, and other testimony offered by the plaintiff indicating that no such notice had ever been received, "establishes at least a presumptive case that no notice was mailed or delivered."

For the defendant it is argued that there is no showing that the general practice or course of conduct outlined by Mr. Collins was followed in the particular instance under consideration, and *United States* v. *Woolworth*, 22 C. C. P. A. 184, T. D. 47126, is cited for the rule that a presumption exists that a sworn officer, acting in the discharge of his duty upon a subject over which jurisdiction is given him, has acted rightly.

I have carefully examined the statute and regulations pertinent to this matter, and, although attention is not drawn thereto in either of the briefs submitted, I find that the customs regulations in force and effect at the time in question contained a definite requirement that a notation as to date of mailing or delivery be made on the copy of the "Notice to Importer of Appraisement." Article 862 of the Customs Regulations of 1937, approved August 20, 1937, contains the following in subdivisions (*b*) and (*c*) thereof:

Art. 862. Notice of advance.—(*a*)  *  *  *

(*b*) The collector at the headquarters port or the deputy collector in charge at a port of entry shall immediately give notice on customs Form 4301. The notice should be prepared in duplicate and the retained copy, *with date of mailing or delivery noted thereon*, securely attached to the invoice.

(*c*) In the case of so-called "duress" entries notice of appraisement to importer shall be on customs Form 4321.

It is clear that there was no notation of the date of mailing or delivery made on the retained copy of the notice in the case at bar. The pertinent regulations were therefore not complied with, and the presumption in favor of the regularity of Mr. Collins' action in mailing the notice falls.

From the evidence before me, I am satisfied that the notice in question was not mailed or delivered, and it follows that the provisions of section 501, *supra*, were not complied with on the part of the collector.

It is, however, further urged by the defendant that even if it be held that no notice of appraisement was in fact mailed or delivered, such notice is not required by the statute in so-called "duress" entry cases, of which the case at bar is one. It is pointed out that the statute requires that notice be sent (1) if the appraised value is higher than the entered value; or (2) if a change in the classification results from the appraiser's determination of value.

This position seems to be supported by the decision of the Third Division of this court in the case of *Jenkins Bros.* v. *United States*, T. D. 49480. In that case it appeared that the entry involved was a "duress" entry and no notice of appraisement was given the importer. The entry was liquidated, and protest was filed against such action, claiming the liquidation was void because of the failure of the collector to notify the importer of appraisement, thus depriving the importer of his right to file an appeal for reappraisement within the time limited by statute after the receipt of such notice.

The court, after quoting the first sentence of section 501, *supra*, said, among other things:

\* \* \*. In the instant case the appraised values were no higher than the entered values. Since there was no change in classification involved it must necessarily follow that under the provisions of section 501, *supra*, with reference to notice, no notice of appraisement was required.

With due respect to the court, the writer is not in accord with the views above set forth. It is true that, read alone, section 501 provides for notice in only two cases: (1) where the appraised value is higher than the entered value, and (2) where the appraised value results in a change of classification.

It must be borne in mind, however, that the said section also specifies the time within which appeal may be taken for reappraisement, and prescribes that in the case of an importer's appeal it shall be within 30 days after the date of delivery or mailing of the written notice of appraisement. Followed to its logical conclusion, the court's decision in the *Jenkins* case must result in the barring of appeals for reappraisement except in the two cases outlined.

But such was not the intent of Congress, for by the terms of House Joint Resolution No. 336, of the 72nd Congress, 1st Session, published in T. D. 45805, it is clear that imported merchandise entered under

the provisions of section 503 (b) of the Tariff Act of 1930, the so-called "duress" provisions,

\* \* \* shall be appraised *and reappraised* in the same manner as though the merchandise was not so entered; that the appraisement *and reappraisement* of such merchandise shall have the same force and effect as in the case of merchandise not so entered; and that entries covered by certification of the importer as provided in said section 503 (b) and the concluding provision of said section 489 *shall be liquidated in accordance with the final appraised value of the merchandise covered by such certificates.* [Italics added.]

From the foregoing it is manifest that it was contemplated not only that appeals for reappraisement should be prosecuted in duress entry cases, but that they should be treated in all respects in procedural matters in the same manner as appeals in the case of entries not so entered, and it follows that notice of appraisement must be given. It is obviously with this in mind that the provision in the regulations quoted above with regard to notice in duress entry cases was promulgated.

In the case of *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491, our appellate court held that there was no legal appraisement until written notice thereof had been mailed or delivered to the proper parties.

In *Clayburgh Bros.* v. *United States*, Reap. Dec. 3262, a situation similar to that obtaining in the case at bar was presented, and Cline, J., in a well-considered and well-written opinion, said in conclusion:

After carefully weighing all of the evidence introduced in the case at bar, I find that no written notice of appraisement which will comply with the statutory requirements of section 501 ever has been delivered or mailed to the consignee or his agent. Since the statute specifically requires written notice and states that the period of limitations shall commence to run on the date of delivery or of mailing such written notice of appraisement, I find that the appraisement herein never has become final and appealable. On this state of the record, the appeal in the instant case is premature. The case is accordingly dismissed for prematurity, and the papers are returned to the collector in order that the statutory notice of appraisement may be delivered to the consignee or his agent or attorney. This dismissal is without prejudice. Judgment will be rendered accordingly.

I believe that the foregoing is a proper disposition of the matter, and the motion made by counsel for the plaintiff that the appeal herein be dismissed on the ground that it is premature is granted, and judgment will issue directing the return of the papers to the collector in order that proper notice of appraisement may be mailed or delivered to the consignee, his agent, or attorney as provided by the statute.