SEPTEMBER 9, 1944

No. 6053.—
*American Express Co.* v. *United States.*    Entered at New York, N. Y.
Reap. Dec. 6037.    Motion by plaintiff.

UNITED STATES *v.* NIPPON DRY GOODS CO.

No. 6054.—Invoice dated Yokohama, Japan, November 6, 1936.
Certified November 6, 1936.
Entered at San Francisco, Calif., December 4, 1936.
Entry No. 5570.

Second Division, Appellate Term

(Decided September 12, 1944)

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney) for the appellant.
*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the appellee.

Before TILSON and KINCHELOE, Judges

TILSON, Judge: This is an application for review of the decision and judgment of the trial court in which it granted the motion of counsel for the importer to dismiss the appeal upon the ground that the appeal was premature, and rendered judgment directing that the papers be returned to the collector in order that proper notice of appraisement might be mailed or delivered to the consignee, his agent, or attorney as provided by the statute.

Section 501 of the Tariff Act of 1930, so far as here pertinent, reads as follows:

> The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed  *  *  *  by the consignee or his agent with the collector within thirty days after date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

Subdivisions (*b*) and (*c*) of article 862 of the Customs Regulations of 1937, in effect at the date of this entry, read as follows:

> (b) The collector at the headquarters port or the deputy collector in charge at a port of entry shall immediately give notice on customs Form 4301. The notice should be prepared in duplicate and the retained copy, with date of mailing or delivery noted thereon, securely attached to the invoice.
>
> (c) In the case of so-called "duress" entries notice of appraisement to importer shall be on customs Form 4321.

As heretofore indicated, counsel for the appellee contends that neither the importer nor his agent received a notice of appraisement; that no notice of appraisement, as required by section 501 of the Tariff Act of 1930, was mailed to the importer or to the importer's agent. At the trial of the case counsel for appellee herein made the following motion:

> Therefore, the importer moves to dismiss this appeal, on the ground it is premature, and asks the court for an order to that effect, that the appeal to reappraisement is premature, and that the collector should issue a notice of appraisement, as specified in section 501.

At the trial of this case Mr. Collins, a liquidator at the port of entry, testified that he was in charge of the sending of notices of appraise-

ment to the importer and that it was his practice to mail such notices; that it was his practice to mail such notices immediately upon their issuance, and also that it was his practice to make a notation on the invoice that the importer or his agent had been notified. An examination of the summary sheet and invoice fails to disclose any such notation thereon. Upon this point the trial court stated as follows:

It is clear that there was no notation of the date of mailing or delivery made on the retained copy of the notice in the case at bar. The pertinent regulations were therefore not complied with, and the presumption in favor of the regularity of Mr. Collins' action in mailing the notice falls. ·

From the evidence before me I am satisfied that the notice in question was not mailed or delivered, and it follows that the provisions of section 501, *supra*, were not complied with on the part of the collector. ·

However, counsel for appellant contends that even if it should be held that no notice of appraisement was in fact mailed or delivered in this case, such ·notice is not required in so-called duress entry cases, because the statute requires that the notice be sent only if the appraised value is higher than the entered value, or if a change in the classification results from the appraiser's determination. of value. In support of this contention counsel cites *Jenkins Bros.* v. *United States,* T. D. 49480, wherein it was held by the Third Division of this court that:

\* \* \*. In the instant case the appraised values were no higher than the entered values. Since there was no change in classification involved it must necessarily follow that under the provisions of section 501, *supra*, with reference to notice, no notice of appraisement was required.

It is not our view in a so-called duress entry case that the entered values are represented by the values which the importer believes to be the correct values, plus the additions made by him to meet advances made by the appraiser in similar cases pending on appeal, but that the importer's entered values are such values, less any amount added by him under duress. Therefore, in any such case, any amount added by the importer under duress, if accepted by the appraiser, would constitute an advance in the values.

The only advantage to be gained by an importer by entering under duress is relief from the penalty for undervaluation under section 489 of the Tariff Act of 1930. It does not seem reasonable to suppose that the Congress intended to relieve the importer from the penalty for undervaluation by permitting him to make a duress entry and by the same act take away his right of appeal for a reappraisement by not requiring the collector to notify him of his appraisement in such cases. It is to be noted that section 501. gives to the importer the right of appeal for a reappraisement, but also requires that such appeal be filed within 30 days after the date of delivery or mailing of the written notice of appraisement. The requirement for this written notice of appraisement to be sent to the importer or his agent is not exclusive of cases in which a duress entry has been filed.

Our views as hereinabove expressed find support in the House Joint Resolution No. 336, T. D. 45805, wherein it is provided that imported merchandise, entered under the provisions of section 503 (b) of the Tariff Act of 1930:

\* \* \* shall be appraised and reappraised in the same manner as though the merchandise was not so entered; that the appraisement and reappraisement of such merchandise shall have the same force and effect as in the case of merchandise not so entered; \* \* \*.

After a careful consideration of all the evidence in this case, we find that the same fully supports the decision and judgment of the trial court, and the same is hereby affirmed.

Judgment will be rendered dismissing the appeal as premature, and the papers will be returned to the collector of customs at the port of San Francisco in order that proper notice of appraisement may be mailed or delivered to the consignee, his agent, or his attorney as provided by the statute.