BEFORE THE SECOND DIVISION, JANUARY 19, 1945

No. 49958.—Protests 947848–G, etc., of Burton Webbing Co., Inc., et al. (New York).

Opinion by LAWRENCE, J.   The protests were dismissed.

BEFORE THE THIRD DIVISION, JANUARY 19, 1945

No. 49959.—Protest 96349–K of Tupman Thurlow Co., Inc. (New York).

Opinion by CLINE, J.   In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of Abstract 49414, the claim was sustained.

No. 49960.—Protests 981994–G, etc., of Chong Sing & Co. et al. (San Francisco).

Opinion by EKWALL, J.   It was stipulated that the merchandise in question is the same in all material respects as that the subject of *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446).   In accordance therewith the claim that the merchandise is not subject to the assessment of the internal revenue tax was sustained.

No. 49961.—Protest 79441–K of Aeration Processes, Inc. (Los Angeles).

Opinion by EKWALL, J.   When the case was called for hearing it was agreed by counsel that the entry was made under duress and that the collector failed to issue notice of appraisement.   Plaintiff cites *United States* v. *Nippon Dry Goods Co.* (13 Cust. Ct. 373, Reap. Dec. 6054) as supporting its contention.   The court held that the claim of the plaintiff was well founded, that it was the duty of the collector under the statute to send written notice of appraisement, and that that action not having been taken, the liquidation was null and void.   The protest was sustained to that extent.