(C.D. 2430)

ASTRA TRADING CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 28, 1964)

*Siegel, Mandell & Davidson* (*Sidney Mandell* and *David Serko* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges; DONLON, J., concurring in the result

RICHARDSON, Judge: The instant protests against the legality of the collector's liquidations have been consolidated for trial. The sole question involved is whether notices of appraisement were given, as required by 19 U.S.C.A., § 1501 [1] (section 501, Tariff Act of 1930, as amended), on entries of binoculars and leather cases, imported at New York from Japan and advanced in value on appraisement. It is claimed in the protests that notices of appraisement were not given. The Government contends that such notices were given.

In support of its protest claim, plaintiff offered the testimony of its vice president, Frank Goldschmidt. Mr. Goldschmidt testified, in substance, to the effect that he has been vice president of the importing firm for 23 years, that he is in charge of imports, and his duties include the supervision of anything in connection with the entering of merchandise in the United States and the determination of duties. He stated that all mail received by his firm, having anything to do with importations, customs documents, and shipping companies, passes through his hands, and he turns such mail over to the traffic manager with appropriate instructions. He testified, however, that the incoming mail is first received and opened by one or two employees. After the contents of the mail are removed from the envelopes and checked, the mail is then given to him.

With respect to importations, such as those here involved, the witness testified that the traffic manager had been instructed to file reappraisement appeals bearing the witness' signature in instances where notices of appraisement had been received. The witness indicated an awareness of the importance and necessity of filing such appeals, owing to the fact that a great many appeals had been filed by his company in connection with all other such importations. The witness further testified that he searched the company files and found no notices of appraisement affecting the instant cases, and concluded that such notices were not received, because reappraisement appeals would have been filed if the notices had been received.

The Government seeks to sustain the collector's liquidations through the testimony of two employees in the collector's office. Marion Collord, a clerk in charge of the reappraisement desk between 1955 and

---

[1] (a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court.

1957, the period in question, testified in substance that she supervised the preparation and mailing of the Form 4301 notice of appraisement during that period in instances where the invoices handled by her reflected an advance in value, that a clerk and three typists worked under her in the performance of these duties, that after the notices were typed, she would tabulate and check them, that the notices would remain on the typists' desks until one of the typists took them to the post office between 3 and 3 :30 in the afternoon each day, and that each day she saw to it that the notices had been removed for mailing. The witness also testified that she did occasionally mail the notices herself.

August Maravel, one of the typists who worked under Miss Collord during the period in question, testified, in substance, that his daily task was to type notices of appraisement until about 3 p.m., when he would stop typing and put the notices in envelopes for mailing, and that, inasmuch as he was the senior typist, he would collect the work from the other typists, and, together with his, take the notices to the post office for mailing. He also testified that this routine prevailed for about 90 per centum of the time, and that, for the remaining 10 per centum of the time, which was during his absence, one of the other typists would attend to the mailing of the notices.

Plaintiff argues that the testimony given by its witness established the nonreceipt of the notices of appraisement in issue and shifted the burden to the defendant to prove the mailing of such notices, and that the evidence adduced by the defendant failed to establish the fact of the mailing of such notices. Defendant argues that the evidence adduced by the plaintiff failed to rebut the presumption of delivery and receipt of the disputed notices of appraisement, and that, even assuming that nonreceipt of such notices was established, the evidence presented by the defendant established the fact of the mailing of such notices of appraisement.

The issue before us is whether notices of appraisement were given. *Clayton Chemical & Packaging Co.* v. *United States*, 38 Cust. Ct. 617, Reap. Dec. 8774. On the record before us, we are compelled to conclude that notices of appraisement were not given.

Mandatory customs regulations have not been complied with in connection with the giving of notice of appraisement pertaining to the involved entries. Section 17.6 of the Customs Regulations, which were in effect at the time the subject merchandise was appraised, states :

The collector at the headquarters port, or the deputy collector in charge at any other port, shall promptly give notice of appraisement on customs Form 4301 when such notice is required by section 501, Tariff Act of 1930, as amended. The notice shall be prepared in duplicate and the retained copy, with the date of mailing or delivery noted thereon, shall be securely attached to the invoice.

The official papers which were received in evidence before the court

in the instant cases contain copies of what purport to be notices of appraisement. Pursuant to section 17.6, *supra*, we should expect to find upon examination of these retained copies information detailing both the dates on which such notices were given and the manner or method by which the collector gave such notices. However, it will be noted that on each of the retained copies attached to the invoices under the two entries covered by protest number 58/9220 and the two entries covered by protest number 58/13596, no such information is given. All that appears therein are dates indicative of the dates of preparation of the alleged notices of appraisement. Consequently, there has been a failure of compliance with the mandatory requirements of section 17.6, *supra*, with respect to the giving of notice of appraisement under the entries covered by the aforesaid protests.

With respect to the retained copies attached to the invoice under the entry covered by protest number 59/26171, the information in which the other retained copies are deficient has been supplied. In this latter instance, there has been superimposed upon one of the two retained copies the following information, to wit, "Oct 6, 1955 Original mailed to importer." This notation clearly complies with the mandatory requirements of section 17.6, *supra*. But the deficiency with which even this retained copy in protest number 59/26171 suffers is the fact that this copy is unsigned. The omission of the collector's signature to the retained copy of the alleged notice of appraisement raises questions whether the notice was given by the collector. *Cf. Inlander-Steindler Paper Co.* v. *United States*, 40 Cust. Ct. 825, Reap. Dec. 9150. The presence of these patent administrative irregularities in connection with the giving of notice of appraisement in the protests at bar puts to flight any presumption that such notice was given. *Nippon Dry Goods Co.* v. *United States*, 11 Cust. Ct. 433, Reap. Dec. 5940, affirmed, *United States* v. *Nippon Dry Goods Co.*, 13 Cust. Ct. 373, Reap. Dec. 6054.

Neither does the evidence establish the giving of notice of appraisement in the cases before us. Although the defendant has undertaken to establish the customary practice in the collector's office in connection with mailing of notices of appraisement and the absence of departure from such customary practice, the defendant has not presented any evidence of the actual preparation of notices of appraisement pertaining to the involved entries and the placing of the same in duly franked and properly addressed envelopes in a condition for mailing. Such evidence is an essential prerequisite to proof of an established and invariable mailing procedure. (See *Clayton Chemical & Packaging Co.* v. *United States*, *supra; Orlex Dyes & Chemicals Corporation* v. *United States*, 41 Cust. Ct. 168, C.D. 2036; *Arnold, Schwinn & Co.* v. *United States*, 45 Cust. Ct. 156, C.D. 2217; and *Compass Instrument & Optical Co., Inc.* v. *United States*, 47 Cust. Ct. 10, C.D. 2271.)

Even with regard to the customary mailing procedures testified to by the defendant's witnesses, there has been no testimony as to the actual dates on which the disputed appraisement notices were mailed. Defendant's witness, Marion Collord, testified that the collector's office formerly kept records of such dates, but that the practice had been abolished by the simplification program of 1953. And there is considerable confusion in the record as to who of at least four people did the actual mailing of the notices in question on any particular dates.

It may be questioned whether the evidence adduced by the plaintiff meets the requirements of establishing the nonreceipt of the notices of appraisement in question, in view of our prior holding that testimony to the effect that a search of company records, which failed to disclose such notices, is at best a "purely negative circumstance" that is insufficient evidence to rebut the presumption of delivery. (See *Arnold, Schwinn & Co.* v. *United States, supra.*) However, the sufficiency of the plaintiff's evidence is not before us on the instant record. It is true that the importer is ordinarily required to establish in the first instance that notice of appraisement was not received. This is attributable to the presumption of regularity which is said to attend the acts of Government officials charged by law with the duty to perform such acts. And when the nonreceipt of such notice has been shown in such cases, the burden of going forward with the evidence to establish the giving of such notice then shifts to the Government. *Orlex Dyes & Chemicals Corporation* v. *United States, supra; Compass Instrument & Optical Co., Inc.* v. *United States, supra.* But where, as in the instant case, mandatory customs regulations relating to the giving of notice of appraisement have not been complied with by the Government, no presumption of delivery of such notice can be indulged, in consequence of which, the Government is required in the first instance to prove the giving of such notice. *Nippon Dry Goods Co.* v. *United States, supra.* Inasmuch as the defendant has failed to discharge its initial burden of proof in the case at bar for the reasons stated, the burden of proof never shifted to the plaintiff. Consequently, further consideration need not here be given to the matter of the sufficiency of plaintiff's evidence.

Therefore, on the record before us, we hold that notice of appraisement has not been given, although required by statute, and that the appraisements made under the involved entries and the liquidations based thereon are void and are not binding on the plaintiff. In accordance with the provisions of 28 U.S.C.A., § 2636 (d), the matters are remanded to a single judge of this court for determinations of value in the manner provided by law.

Judgment will be entered accordingly.