(C.D. 2578)

R. W. Smith
Thrifty Equipment Co. } v. United States

United States Customs Court, Third Division

(Decided October 4, 1965)

Lawrence & Tuttle (Edward N. Glad of counsel) for the plaintiffs.
John W. Douglas, Assistant Attorney General (Sheila N. Ziff and Morris Braverman, trial attorneys), for the defendant.

Before Donlon and Richardson, Judges; Donlon, J., concurring

Richardson, Judge: The merchandise of this protest consists of track chain assemblies and tractor parts which were imported at Houston, Tex., from England, and advanced in value upon appraisement. The involved entry was liquidated upon the basis of the

appraised values, and plaintiffs protest, claiming that the liquidation is void because notice of appraisement was not given as required by 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930). Section 1501 reads in part:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, . . . . The decision of the appraiser, . . . shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed . . . by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. . . .

The evidence before the court consists of the testimony of an employee of the plaintiff-broker, R. W. Smith, and a former deputy collector of customs at the port of entry. Mrs. Nell Smith Drummond, testifying on plaintiffs' behalf, stated that, in 1959 and 1960, she was a clerk in the office of R.W. Smith & Co., a licensed custom-house broker, handling importations and customs paper work and all papers from the Custom House. She testified that all notices of contemplated appraisements from the appraiser would be picked up at the Custom House by a messenger who would bring them to the office, locate the file, and bring them to her desk; that this procedure also applied to notices of appraisement on customs Form 4301; and that she would get the information from the Custom House if the appraiser's notice was not already in the file, and then mail the notice to the importer or his agent and so indicate on the file.

With regard to the involved entry, the witness testified that she received a notice of contemplated appraisement and mailed it to the importer, making a notation to such effect on plaintiff's exhibit 1 (a copy of the entry). Mrs. Drummond further testified that the importer informed her that he wished to appeal, that she held the file on this entry in a more accessible place with the more up-to-date entries in order to facilitate quicker handling when the customs Form 4301 would be received, and that she never received such a form covering this entry even though she was on the lookout for such a notice.

Mrs. Mary Louise Bailey, testifying on defendant's behalf, stated that she is customs marine assistant (at the port of entry), that, in January 1960, her name was Mary Louise McMullen and she was a deputy collector of customs, that she personally prepared the customs Form 4301 in the involved entry by hand and placed it in the broker's receptacle, and that the signature written thereon was hers. She further testified that she was responsible for the 4301's and placed them in the boxes herself in situations where brokers had their own box, that it was in the regular course of business for her to deposit the notice in the broker's box or to mail it if the broker had no box, that the 4301's were mailed or deposited on the same date that the forms

were stamped, and that she never deviated from that routine. Received in evidence as defendant's exhibit A was an attendance record, indicating that the witness was working on January 22, 1960, the date appearing on the customs Form 4301 in the entry papers before the court.

The question presented to the court on the evidence is whether notice of appraisement was given. In this case, the burden is on the defendant to establish in the first instance that notice of appraisement was given. Section 17.6 of the Customs Regulations states:

The collector at the headquarters port, or the deputy collector in charge at any other port, shall promptly give notice of appraisement on customs Form 4301 when such notice is required by section 501, Tariff Act of 1930, as amended. The notice shall be prepared in duplicate and the retained copy, with the date of mailing or delivery noted thereon, shall be securely attached to the invoice.

In the instant case, the retained copy of the 4301 form does not contain a notation of the date and manner of service. Where the retained copy of the 4301 form contains no notation of the date and manner of service, as required by the foregoing regulation, a presumption that notice of appraisement was given does not arise, and the burden is on the Government to establish the giving of such notice in the first instance. *Astra Trading Corp.* v. *United States*, 52 Cust. Ct. 31, C.D. 2430; *Nippon Dry Goods Co.* v. *United States*, 11 Cust. Ct. 433, Reap. Dec. 5940, affirmed, *United States* v. *Nippon Dry Goods Co.*, 13 Cust. Ct. 373, Reap. Dec. 6054.

It is clear from the evidence that mailing of the notice of appraisement was not undertaken by the collector. Do the activities described by defendant's witness, Mrs. Bailey, constitute a "personal delivery" of the Form 4301 notice? In this connection, I note that there is in the record no evidence that any of the runners in the plaintiff's employ actually picked up the notice of appraisement after the defendant's witness stated that it was deposited in the broker's box maintained in the collector's office. Consequently, the question reduces itself to one of whether the placing of a notice of appraisement in a receptacle or box maintained in the collector's office for customs brokers to receive papers, constitutes "personal delivery" of the notice, as contemplated by section 1501. In the case of mailing of documents, a presumption of delivery arises upon the placing of such documents in a Government mail receptacle, properly stamped and addressed. (See *United States ex rel. Helmecke* v. *Rice, Post Commander, etc.*, 281 Fed. 326, and cases cited therein; *Compass Instrument & Optical Co., Inc.* v. *United States*, 47 Cust. Ct. 10, 14, C.D. 2271.) But whether this same presumption of delivery follows upon the placing of documents in open receptacles in collectors' offices, has not to my knowledge been clearly determined, subject as this practice is to the vagaries of a daily routine and the random comings and goings of people.

In *Clayburgh Bros.* v. *United States*, 65 Treas. Dec. 1636, Reap. Dec. 3262, the court construed a provision of the 1922 Tariff Act relating to "personal delivery" of notice of appraisement. In that case, the notice of appraisement had been placed by the liquidating clerk in the broker's box maintained in the customhouse. The person in the employ of the broker whose job it was to take these notices out of the box testified that no such notice of appraisement was received by him. The court dismissed the reappraisement appeal for prematurity but without addressing itself to the elements necessary to constitute "personal delivery" of the notice of appraisement. The court stated (p. 1639) :

After carefully weighing all of the evidence introduced in the case at bar, I find that no written notice of appraisement which will comply with the statutory requirements of section 501 ever has been delivered or mailed to the consignee or his agent.

The case seems to have been resolved on a question of evidence.

"Personal delivery" of appraisement notices has been interpreted by the Secretary of the Treasury in his instructions to customs officers to mean something more than a hand to receptacle operation or transaction. Subdivisions (c) and (d) of section 17.6 of the Customs Manual of 1954 state:

(c) The personal delivery to the importer of record, his agent, or attorney of an original notice of appraisement shall be accompanied by the concurrent release to the deliverer of the recipient's signed receipt overprinted, impressed by rubber stamp, typed or otherwise endorsed on the retained duplicate of customs Form 4301 as follows:

I hereby receipt for the personal delivery to me on _____ (date) _____ of the original notice of appraisement issued for the entry identified in this duplicate.

_____ (Signature, title) _____

(d) Any unavoidable departure from the prescribed . . . personal delivery routine [s] shall be made a matter of record on the retailed [*sic*] duplicate of customs Form 4301 by means of a brief explanation signed by the employee who knows as fact that the notice was . . . delivered . . . .

The foregoing can only be interpreted as requiring a hand-to-hand delivery of the notice of appraisement in order to effect compliance with the "personal delivery" requirement of section 1501.

In Webster's New International Dictionary (2d edition) the words "personal" and "deliver" are defined as follows:

personal . . . 2. a  Done in person, without the intervention of another; direct from one person to another; as, a *personal* inquiry; . . . b  Carried on between individuals directly.

delivery . . . 2.  Act of delivering up or over; surrender; transfer of the body or substance of a thing.

These definitions, when put together, indicate that the words "personal delivery" connote a hand-to-hand transaction also. I am in-

clined to agree with the foregoing authorities regarding the meaning of the words "personal delivery." Therefore, I reach the conclusion that "personal delivery" of notice of appraisement within the meaning of section 1501 requires delivery of such notice from one person to another, and that personal delivery of such notice is not accomplished by means of depositing the notice in a receptacle maintained in the collector's office and reserved for use by customs brokers. I, accordingly, find that defendant has failed to discharge the burden of establishing the giving of notice of appraisement. As such, the appraisement was incomplete and the liquidation based thereon is invalid.

Pursuant to the provisions of 28 U.S.C.A., section 2636(d), the matter is remanded to a single judge of this court to determine the proper dutiable value of the involved merchandise in the manner provided by law.

Judgment will be entered accordingly.

### CONCURRING OPINION

DONLON, Judge: It is a long-standing practice for customhouse brokers to have their own identified boxes, or files, in the customhouses, in which notices intended for them are deposited by the collectors and their staffs. This is a practice which expedites and simplifies the transaction of customhouse business.

I find it unnecessary here to hold that the useful practice of depositing papers in a broker's personal box is not such personal delivery as the tariff act and regulations contemplate. Such delivery appears to be effective in the great majority of cases.

Here the evidence before us as to deposit of the notice of appraisement in plaintiffs' customhouse box is inconclusive. Defendant has not shown the fact of such deposit, either by compliance with its own regulations or otherwise; and plaintiffs' proofs cast serious doubt on any presumption there might be. On the evidentiary record, I concur in the judgment order.