(C.D. 3914)

Mr. Roy Jennings
J. T. Steeb & Company, Inc. } *v.* United States

United States Customs Court, Third Division

(Decided November 4, 1969)

*Glad & Tuttle*, (*George R. Tuttle, Jr.*, and *Edward N. Glad* of counsel) for the plaintiffs.

*William D. Ruckelshaus*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The merchandise of this protest consists of an auxiliary ketch which was exported from Hong Kong, China, in September, 1965, and advanced in value upon appraisement following its entry at the port of Seattle, Washington. It is claimed in the protest, among other things, that liquidation of the subject entry is illegal, null and void because notice of appraisement was not given as required by 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930, as amended).

Section 1501 reads in relevant part as follows:

> (a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. * * *

Also, 39 CFR 123.1(f) reads:

> Matter bearing dual addresses or the names of more than one post office in the return address or in the recipient's address is not acceptable for mailing.

It is the contention of plaintiffs that the notice of appraisement, a purported copy of which appears in the official papers received in evidence upon the trial, was not properly sent to the plaintiff-importer, plaintiff-broker, or attorney for the plaintiff-importer, and that it was not received by either of the plaintiffs. And to this end plaintiffs call attention to the information contained in the purported copy of the notice relative to the addressee. This portion of the notice reads:

Roy E. Jennings, Jr.
162 Trinidad Dr. % J. T. Steeb & Co. Inc.
200 Colman Bldg. Seattle, Wn.

The entry describes the name and address of the importer of record as:

Roy E. Jennings, Jr., 162 Trinidad Dr., Tiburon, Calif.
% J. T. Steeb & Co., Inc.

At the trial it was conceded that the plaintiff-importer Jennings received no notice of appraisement concerning the entry under protest herein. And Miles G. Nelson, president of the plaintiff-broker firm, and Ernest W. Hahn, manager of the plaintiff-broker's import department, called as witnesses on plaintiffs' behalf, each testified that the plaintiff-broker had no record of ever receiving the notice of appraisement in connection with the entry at bar.

On behalf of the Government, Mahlon N. Douglass, acting district director of the port of Seattle, Washington, testified, among other things, that under his jurisdiction a clerk makes out the notice of appraisement on Customs Form 4301 to the importer of record exactly the way the entry is made out on the first line of the entry for the importer of record, that a facsimile of his signature is then stamped on the notice, and that the same clerk then puts his initials on it, places it in a window type envelope and mails it all on the same day. The witness also testified that when a notice is returned because of improper addressing, which happens quite often, the returned notice is attached to the entry to show that a notice had been issued, and that there is no record of any such attachment to the entry at bar. On cross-examination the witness admitted that he had no personal knowledge that the notice in this case was put into course of mail, and that there have been instances where papers which should have been attached to the entry have not been.

Subsequent to the submission of the case counsel for the defendant asked for and received permission from the court to be relieved from the necessity of filing a brief, pointing out to the court, among other things, that counsel had been—

". . . advised that the addressing of the envelope in the manner described above was an inadvertence on the part of temporary summer help. In view of this and the testimony of record of non-receipt of the notice of appraisement, the Government concedes the validity of plaintiffs protest herein . . . ."

Also, there is no testimony in the record from any customs clerk who would be charged with the duty to prepare the notice of appraisement in this case. It is entirely possible or likely under the evidence presented that the notice, if mailed, went astray because of confusion as to where it was to be delivered. Consequently, under the circumstances revealed in this record and the concession of the Government, we find that plaintiffs have met their burden of establishing that notice

of appraisement concerning the involved entry was not given. See: *Astra Trading Corp.* v. *United States*, 52 Cust. Ct. 31, C.D. 2430 (1964). It, therefore, follows that the appraisement herein and the liquidation predicated thereon are void, in consequence of which the matter must be remanded pursuant to 28 U.S.C.A., section 2636(d) to a single judge of this court for determination of the value of the merchandise covered by the involved entry.

Judgment will be entered accordingly.